Phelps et al v. Buck et al.

40   219
f89   337
e89   341

### PHELPS ET AL V. BUCK ET AL.

1. CERTIORARI: *No substitute for appeal:*
   Errors in a guardian's settlement and proceedings in the Probate Court cannot be corrected by *certiorari,* but excess or want of jurisdiction may be.
2. GUARDIANS: *Their settlements in Probate Court conclusive unless fraudulent:*

The confirmed settlements of guardians in the Probate Courts cannot afterwards be disturbed except in Chancery for fraud or some other recognized ground of Chancery jurisdiction.

3. PROBATE COURT: *Jurisdiction to sell ward's lands :*

The Probate Court has jurisdiction, on application of the guardian, pending the guardianship, to sell the real estate of a ward for the completion of his education; and, may be, to reimburse the guardian for such expenditures already judiciously incurred; but after the guardianship has terminated the Court cannot empower the guardian to sell the lands of his past wards to pay advances made by him for their education.

APPEAL from *Jefferson* Circuit Court.

Hon. X. J. PINDALL Circuit Judge.

*McCain & Crawford* for appellant.

The Probate Court can, in some cases, order a sale of a ward's property after the maturity of the ward. *Const., Art. VII, Sec.* 34; 33 *Ark.,* 428; *Bis'p. Eq., Sects.* 546, 549; 32 *Ark.,* 92 ; *Gantt's Digest, Sec.* 3094; 7 *Ark.,* 107 ; *Sec.* 3066 *Gantt's Digest.*

There were no doubt irregularities, but they can be corrected only by appeal. 25 *Ark.,* 476.

While the powers, duties and authority of the guardian, so far as third persons are concerned, ceases when the ward attains majority, yet as between the Court and guardian the jurisdiction continues for the special purpose of settling the guardianship. 19 *Ark.,* 623. See also the leading case on Probate sales of real estate. 19 *Ark.,* 499. This doctrine is applied to guardians' sales in 37 *Ark.,* 92 and *Black v. Walton,* 321.

The guardianship was treated as a sort of family affair by the guardian and the Probate Court. Though technical rules were ignored, equity, family affection, etc., prevailed. The wards received support, education and social advantages out of a house and lot worth $2,000 or $2,500—better than a more learned Court with more rigid rules could have procured for $10,000. These results having been accomplished,

the proceedings should not be set aside at this late day, merely on account of the *methods* by which the results were attained.    See also 18 *Wall.*, 162.

*Martin & Taylor* for appellees.

1.    The debts due from some of the petitioners were charged prior to the issuance of letters, and none of them were founded upon appropriate orders of the Probate Court.    If debts at all, they were simple contract debts, and no judgment could be rendered in a Probate Court for any amount.    It was *coram non judice*, etc.    *See Parsons on. Cont.*, 313 ; 63 *N. C.*, 377 ; 11 *Barb.*, 22; 2 *Sand. Chy.*, 293; *Schonler Dom. Rel.*, 456, 473 ; *Gantt's Dig. Sec.* 3066; *Story Eq., Jur., see.* 1355; *Schonler Dom. Rel.*, 499, 500.

All the acts in this case were unauthorized, as having the effect to change the *corpus* of the ward's estate, and had no judicial sanction.    11 *S. C.* 551.    The statute only authorizes the sale of a ward's property for the purpose of educating him, &c., and not to pay debts.    *Sec.* 3066 *Gantt's Dig.*

2.    The property of different wards was sold *en masse* to pay the aggregate indebtedness of the four children,    The order was void and should be quashed on *certiorari*.    33 *Ark.*, 428.

3.,    The wards were all of age, the guardianship had ceased, and their former guardian had no authority or power over them or their property, and his acts were void.    19 *Ark.*, 628; *Gantt's Dig., sec.* 3094; *Schonler Dom. Rel., sec.* 423; 1 *Black., Com.*, 461-2, *Hargraves Notes; Rover on Judicial Sales, sec.* 391, citing *Perry's Lessee v. Brainard*, 11 *Ohio*, 442.

STATEMENT.

EAKIN, J.    This was a proceeding, by *certiorari*, on complaint of the children and heirs of Erwin O. Buck, against

Phelps et al v. Buck et al.

John L. Buck, who had been their guardian, and others interested. The purpose of the writ was to quash the confirmation of some settlements made by the guardian, and also an order of sale, made by the Probate Court, of some real estate of the heirs to pay advances, shown by the settlements to have been made by the guardian in the maintenance and education of his wards. At the time the application was made by the guardian, to the Probate Court, to sell the property, two of the children had come of age, another was a married woman, and the fourth supporting himself. The petition and other papers sent up with the transcript, together with the receipts in the order, sufficiently disclose that the Probate Court, after allowing large credits to the guardian on successive settlements for expenses incurred on behalf of the wards, and after the termination of the guardianship as to three of them, made an order of sale of a house and lot belonging to all of them, for the guardian's payment. Phelps, the purchaser of the property, paid for the same, by giving credit to the guardian on a debt, and the sale was confirmed.

Upon the return of the writ of *certiorari,* the cause was heard on the transcript. The Court quashed the order of sale and Phelps appealed.

### OPINION.

Errors in the settlements and proceedings are urged by the appellee, of which it is enough to say that if they might have been corrected upon appeal, they cannot be upon a proceeding by *certiorari.* (*Payne v. McCabe,* 37th *Ark.*, 318.) Under the writ the *powers* of the Court to act in a particular manner may be questioned, and excess or want of jurisdiction corrected, but errors within the scope of its powers, which may be remedied by appeal, must be corrected in that manner. The settlements of the guardian have been confirmed by the Probate Court and cannot now be disturbed

Phelps, et al v. Buck et al.

save for fraud, or upon some recognized ground of Chancery jurisdiction.

The true question, and only one, is: had the Court power at the time, to order a sale of the property for the re-imbursement of the guardian? Was that within the scope of its jurisdiction?

Doubtless on appliction, pending the guardianship, it had the power to cause the real estate of the wards to be sold for the purpose of completing their education, or for re-imbursement, (*Gantt's Dig. sec's.* 3066, 3073), and we are not prepared to say that it might not do this even after the expenditures have been incurred, in the exercise of a sound discretion, under fit circumstances. But at the time the order was made the relation of guardian and ward did not exist as to three of the former wards; and the Court of Probate assumed the power to sell their interests *in solido* with that of the remaining one, if indeed the last was himself under guardianship, for the purpose of repaying to the guardian what was a mere debt upon settlement.

It seems to us if this practice were encouraged there would be no wholesome bounds within which it could be restrained. It seems to us that the sections in question have no application beyond matters done in the course of guardianship, and that after it has terminated, the Courts can only close the settlements on the existing state of things, without conferring any continuing powers over their property, to be afterwards exercised by the guardian.

This view has been taken by the Supreme Court of Ohio, in a case relied upon by appellee's counsel, and which is in point. (*Lessee of Perry v. Brainward,* 11*th Ohio,* 442).

The order is not divisible, and there was plainly excess of jurisdiction.

Affirm.