ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* SANDIDGE.

Opinion delivered April 6, 1908.

1. CARRIER—DERAILMENT OF CAR—PRESUMPTION.—Where a passenger was injured by reason of the coach in which she was riding being derailed, a presumption arises that the carrier was negligent. (Page 591.)

2. APPEAL—WHEN INSTRUCTION HARMLESS.—A carrier, sued for an injury to a passenger by reason of the coach in which she was riding being overturned, cannot complain because the court required it, in order to rebut the presumption of negligence arising from proof of the injury, to prove that it had used the "utmost diligence which human skill and foresight can effect" if it adduced no evidence whatever to rebut such presumption. (Page 592.)

3. SAME.—Where the defendant in a personal damage suit requested the court to instruct the jury that, "unless they find from the testimony that plaintiff received some physical injuries, she can not recover for fright or mental anguish," and the court added: "But any physical injury, however slight, would be sufficient," the modification, if erroneous, was not prejudicial if the evidence of plaintiff tended to prove a serious, and not a slight, injury. (Page 592.)

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; affirmed.

*Tom M. Mehaffy* and *J. E. Williams,* for appellant.

1. The law does not require, in order to escape the presumption arising from an injury, that a railroad company should show that it had used the *utmost* diligence, nor make it liable where an injury occurred by reason of the *slightest* omission in regard to the appliances of transportation, mode of management of its trains or the safety of its road bed. Webster's Dict. "utmost;" 57 Ark. 287; 52 Ark. 524; 85 Me. 34; 148 Mass. 207; 165 Mass. 346; 206 Pa. 574; 28 S. W. 709; 26 S. W. 737.

2. The sixth instruction, with reference to no recovery for mental anguish in the absence of physical injuries, was right as requested, and the court erred in modifying it by adding, "but any physical injury, however slight, would be sufficient." 69 Ark. 402; 84 Ark. 42; 63 Ark. 177.

*C. V. Teague,* for appellee.

1. The presumption is that the derailment occurred by reason of the negligence of the company. Appellant offers no explanation as to how it occurred, and, in fact, does not controvert its negligence. The court's instruction on the question of negligence, if erroneous, could not be prejudicial. But the instruction was correct. 40 Ark. 298; 51 Ark. 459; 60 Ark. 550; 56 Ark. 594; 63 Ark. 491-7; 73 Ark. 548; 52 Ark. 524; 57 Ark. 418; 34 Ark. 613; 3 Thompson on Neg. § § 2809-2810.

2. The court was right in modifying the sixth instruction. There was sufficient evidence to show that appellee had sustained a physical injury. If it was to the nerves only, it was nevertheless a physical injury. 163 Mass. 484; 1 Cush. (Mass.) 451.

Battle, J. On the 14th of November, 1902, Carrie E. Sandidge was a passenger on one of the trains of the St. Louis, Iron Mountain & Southern Railway Company. On that day the cars composing the train were derailed. They ran some distance over the ties, shaking, jarring and jolting the passengers. Some of the cars were turned on their sides, and others about half way. The car in which Mrs. Sandidge was was partly on its side. Only one car did not turn over, and that was a Pullman car. Mrs. Sandidge fainted, and remained for awhile unconscious. She testified that she was injured from her

brain down her spine by the wreck; that her nerves were shocked, and for several months thereafter she had "fainting spells." Any excitement would cause her to faint. She brought an action against the railway company for the damages she claimed to have suffered by reason of the derailment of the train. The defendant answered and denied negligence. The issues were tried by a jury, and evidence was adduced in the trial tending to prove the foregoing and other facts. The plaintiff recovered a judgment for $750, and the defendant appealed.

The court, over the objection of the defendant, gave to the jury the following instructions:

"1. You are instructed that if you find from the evidence in this case that plaintiff purchased a ticket over defendant's railroad, and thereupon became a passenger upon one of its trains, and while such passenger was injured by reason of the coach being derailed, and without fault or negligence on her part, then the law presumes the defendant guilty of negligence, [and, in order to escape liability, it is incumbent on defendant to rebut this presumption by proof that it had used the utmost diligence which human skill and foresight can effect; and if an injury occurred to plaintiff by reason of the slightest omission in regard to the appliances of transportation, mode of management of its trains, or the safety of its roadbed, defendant is liable.]"

The defendant asked the court to instruct the jury as follows:

"The court instructs the jury that there can be no recovery for mental anguish or fright, nor for injuries resulting therefrom, disconnected from physical injuries; and unless they find from the testimony that plaintiff received some physical injuries, she can not recover for fright or mental anguish."

And the court, over the objections of the defendant, modified it by adding the following words: "But any physical injuries, however slight, would be sufficient," and gave it as modified.

The defendant's objection to the first instruction is confined to so much as is enclosed in brackets. The instruction, although the objection to it might be good, was not prejudicial. The presumption is that the derailment of the train was caused

by the negligence of the defendant (*Railway Company* v. *Mitchell*, 57 Ark. 418), and there was no evidence adduced to remove it.

"As to the care and diligence a railway company is bound to use for the protection of its passengers, see *Arkansas Midland Railway Company* v. *Canman*, 52 Ark. 524; *Railway Co.* v. *Sweet*, 57 Ark. 287.

The modification added to the other instruction was not prejudicial. If there was any physical injury, the evidence shows that it was not slight or trivial, but serious.

The evidence, though unsatisfactory, is sufficient to sustain the verdict in this court.

Judgment affirmed.