ARKANSAS CENTRAL RAILROAD COMPANY *v.* JANSON.

Opinion delivered May 24, 1909.

1.  CARRIERS—DUTY TO PASSENGERS ON FREIGHT TRAINS.—While passengers traveling in the caboose of a freight train assume the ordinary inconvenience and risks that are incident to that mode of travel, the railway company owes to the passengers the duty to exercise the highest practicable degree of care to protect them from injury consistent with this mode of carriage. (Page 497.)

2.  SAME—DUTY TO FURNISH SAFE TRACK AND EQUIPMENT.—A carrier is required to furnish for its passengers a reasonably safe and sufficient track and equipments, and to maintain them in reasonably safe condition, so far as can be provided by the utmost human skill, diligence and foresight, and is liable to a passenger for a slight negligence causing injury. (Page 498.)

3.  SAME—PRESUMPTION OF NEGLIGENCE.—If an injury occurs in the operation of a train, especially where a passenger is injured by the derailment of a train, a *prima facie* case of negligence is made out against the railroad company. (Page 498.)

4.  SAME—LIABILITY FOR DELAY.—A carrier owes to its passengers the duty to carry them with reasonable dispatch, and is liable for an injury to a passenger caused by its negligent and unreasonable delay. (Page 499.)

5.  APPEAL AND ERROR—CONCLUSIVENESS OF COURT'S FINDINGS.—The findings of fact of a court sitting as a jury are as conclusive on appeal as the verdict of a jury. (Page 500.)

Appeal from Franklin Circuit Court, Charleston District; *Jeptha H. Evans,* Judge; affirmed.

*Lovick P. Miles* and *Thomas B. Pryor,* for appellants.

No pecuniary loss was shown, nor any physical injury. Mental anguish cannot be made the basis of an action for damages independent of any physical injury. 67 Ark. 130; 84 *Id.* 47. The case of *Ry. Co.* v. *Hook,* 83 Ark., does not apply to this case. Discomfort is not sufficient to tack on or hitch mental suffering. 89 Ark. 187.

*Sam R. Chew,* for appellee.

A public carrier is held to the highest degree of care and skill * * * and is liable for the slightest degree of negligence toward passengers. 40 Ark. 298; 51 *Id.* 459; 60 *Id.* 550; 57 *Id.* 287. This rule applies to passengers on freight trains. 76 Ark. 520; 3 Thompson on Neg. § § 3157 and 2901; 113 S. W. 200. Derailment of a train makes a *prima facie* case of negligence. 57 Ark. 418; 73 Ark. 548. Whether there was, or not, physical pain was a question for the jury (the court sitting as such); and the court's finding cannot be disturbed here, as there was some legal proof to sustain it. 50 Ark. 477; 41 *Id.* 331; 23 *Id.* 115; 76 *Id.* 88; 76 *Id.* 538; 68 *Id.* 83; 66 *Id.* 53. Exposure to cold and illness resulting therefrom is actionable. 78 N. W. 971; 76 Minn. 123; 28 N. Y. 271; 3 Hutch. on Car. § 1429 (3d Ed.).

FRAUENTHAL, J. The plaintiffs, J. M. Janson, Sue Janson, T. M. Baldrich and Edna Baldrich, instituted separate suits against the defendant, Arkansas Central Railroad Company, for the recovery of damages for injuries which they alleged they sustained while passengers on one of the defendant's freight trains. The four cases were consolidated, and were tried together by the court sitting as a jury.

On the 12th day of December, 1907, the plaintiffs purchased tickets from defendant at Paris, Arkansas, for Fort Smith, Arkansas, and about 7 o'clock P. M. of that day took passage at Paris, Ark., in the caboose of one of defendant's freight trains. The train was derailed at about 9 o'clock P. M. at a point about two miles distant from Lavaca, a station on defendant's line of railroad. The train was delayed at said place, by reason of the wreck, from that hour until about 10 o'clock A. M. of the fol-

lowing day; and the plaintiffs were compelled to remain in the car during that time, after which time they were carried on to Fort Smith. They alleged that it was a cold and rainy night, and that by reason of being thus delayed and detained in the car during the entire night and a part of the following day they were exposed to the elements, and contracted cold, and were deprived of food, and underwent great discomfort and inconvenience; and that they suffered therefrom great physical and mental pain for a period of ten days. They each asked for $1,000 damages. The court rendered a verdict in favor of Edna Baldrich for $200; in favor of Sue Janson for $100; and in favor of T. M. Baldrich and J. M. Janson for the sum of $5 each. And from the several judgments entered on said findings the defendant appeals to this court.

· The plaintiffs J. M. Janson and Sue Janson are husband and wife, and the same relationship exists between T. M. Baldrich and Edna Baldrich, and the women were sisters. The mother of T. M. Baldrich had died on that day or the night before at Fort Smith, and they were anxious to get there before her remains should be sent to her former home in Oklahoma. They came to the depot at Paris at 4 o'clock of the afternoon of December 12th, thinking the train left at that hour for Fort Smith, and remained there until 7 o'clock when they entered defendant's train as passengers. The evidence tended to prove that at the place on defendant's line of railroad about two miles beyond Lavaca the train was derailed on account of the breaking of one of the steel rails into a number of pieces; and testimony was introduced to show that this was caused by some latent defect in the rail; and there was some testimony indicating that it might have been caused by the high rate of speed of the train or by unsound ties. The evidence tended to show that it was a cold and rainy night; that after the derailment the engine was detached from the cars and proceeded to Fort Smith for assistance, and the caboose was left on the track over a creek. There were three other passengers in the caboose, all of whom were men. A fire was kept in the stove in the caboose, which at times became so heated that the door would be opened for ventilation, when the rain and cold would drive into the coach until it became unbearably cold; and then the door was again closed, and the coach would become

again overheated. This continued during the entire night; and by the sudden changes in the temperature and the drafts of cold that at times blew into the coach the plaintiffs Edna Baldrich and Sue Janson contracted severe colds. The plaintiff Edna Baldrich testified that from this cause she contracted a severe cold which caused her to have fever, and the cold lasted for ten days, giving her a great deal of pain and suffering. The plaintiff Sue Janson testified that she contracted a cold, but not as severe or painful as that of Edna Baldrich. The other plaintiffs contracted a very slight cold, if any.

There was a conflict in the testimony as to whether there was a closet on the caboose; and the plaintiffs testified that one of them asked an employee of defendant as to same, and that he was told it was not in the caboose. On this account, and because the cabbose was on a trestle, so that they could not get off it, the women suffered a great deal of inconvenience, discomfort and pain. The evidence also tended to prove that on account of the heated coach their tight dresses and corsets caused them a great deal of discomfort; and they were unable to remove these on account of the presence of the other passengers. The evidence also tended to prove that while the plaintiffs obtained some food from that which the employees carried on the train for their personal needs, it was not sufficient, and that they suffered somewhat from hunger. It is urged by the defendant that there is an entire lack of evidence to support the judgments in this case. The determination of this contention depends upon the duty which the defendant owed to the plaintiffs, and whether there was any negligence on its part in the performance of that duty by which the plaintiffs were injured; and, if so, the extent of that injury.

In this case the railroad accepted and undertook the carriage of the plaintiffs as passengers on one of its freight trains. In the passage on such trains it is generally understood that there is a greater inconvenience and risk than in the carriage on regular passenger trains; and so the plaintiffs assumed the ordinary inconveniences and risks that are incident to the travel in the caboose of a freight train. In the carriage of passengers on its freight trains, "subject to that qualification, the railway company becomes bound in favor of the passenger by all the obligations of a common carrier upon a regular passenger train." 3 Thomp-

son on Negligence, § 2901. The railway company still owes to the passenger on its freight train the duty to exercise the highest practicable degree of care to protect the passenger from injury consistent with this mode of carriage; and, subject to that qualification, "owes him the same high degree of care to protect him. from injury as if he were on a passenger train." *Rodgers* v. *Choctaw, O. & G. Rd. Co.,* 76 Ark. 520; *Pasley* v. *St. Louis, I. M. & S. Ry. Co.,* 83 Ark. 22; *St. Louis, I. M. & S. Ry. Co.* v. *Brabbzson,* 87 Ark. 109.

A common carrier of passengers is not an insurer of the safety of the passenger in the sense that a carrier of goods is an absolute insurer of the goods it transports. And yet a railway company is bound to provide for the safe conveyance of its passengers, as far as human care and foresight will go, no matter upon what kind of train it undertakes to carry them, subject only to the ordinary inconvenience and risk incidental to the travel on a freight train. And it is especially required to furnish for its passengers a reasonably safe and sufficient track and equipments and to maintain them in a reasonably safe condition, so far as can be provided by the utmost human skill, diligence and foresight, and is liable to a passenger for a slight negligence causing injury." *Railway Co.* v. *Mitchell,* 57 Ark. 418; *Railway Co.* v. *Murray,* 55 Ark. 248; *St. Louis, I. M. & S. Ry. Co.* v. *Richardson,* 87 Ark. 602; 2 Hutchinson on Carriers (3d Ed.), § 893.

If an injury occurs in or growing out of the operation of its. trains, a *prima facie* case of negligence is made out against the railroad company by which it becomes liable for such injury. And especially does such presumption of negligence arise where injury comes to a passenger by reason of a derailment of the train. *Barringer* v. *St. Louis, I. M. & S. Ry. Co.,* 73 Ark. 548,. and numerous cases there cited; *St. Louis, I. M. & S. Ry. Co.* v. *Sandidge,* 85 Ark. 589.

In this case the court found that the presumption of negligence that arose by reason of the derailment of the train was not. overcome by the testimony herein adduced, and we cannot say that such finding is not correct. Here the plaintiffs were detained or delayed upon the passage after it had commenced, and this was caused by the derailment of the train, and therefore by

the above finding it was occasioned by the negligence of the defendant. One of the obligations assumed by the carrier is to carry its passengers with reasonable dispatch, and it is liable for an injury to the passenger caused by unreasonable delay occasioned by its negligence. 2 Hutchinson on Carriers (3d Ed.), § 1109; 6 Cyc. 587.

In the case of *Weed* v. *Panama Railroad Co.*, 17 N. Y. 362, the plaintiff and his wife were passengers on defendant's train, which was negligently stopped on its route during a stormy night, and they were compelled to remain on the train during the entire night, exposed to some extent to the cold and inclemency of the weather. From this exposure the plaintiff's wife experienced great suffering, and from its effects she was taken sick. And in that case the court held that whether the act of stopping the train was caused wilfully or negligently the carrier was liable for damages for the injury thus suffered. See also *Williams* v. *Vanderbilt*, 28 N. Y. 217.

In the case at bar, while it is true that the plaintiffs assumed all the inconvenience and risks that ordinarily attach to a passage taken on a freight train, nevertheless they did not assume any injury that might be incurred by them through an unreasonable detention upon the route on a cold and stormy night, and which detention was occasioned by the negligence of the defendant. For an injury to plaintiffs under these circumstances the defendant is liable.

The extent of the injury suffered by the plaintiffs in this case is a question of fact, as to which the court sitting as a jury has made a finding. It found that the two women suffered physical pain from the cold contracted on account of the sudden changes in the temperature of the caboose from extreme heat to extreme cold; and that Mrs. Baldrich suffered especially on this account, and that the cold and fever which she continued to suffer from for ten days thereafter was directly attributable to this cause. More especially does this appear true when we consider that they were greatly exhausted physically by remaining in this caboose during the entire night, and that their exhausted physical condition made them more susceptible to receiving injury from the exposure on this cold and stormy night.

It was justified in finding also that these women suffered physical pain on account of the discomforts they underwent by reason of their enforced position during an entire night in this caboose in which were strange men as passengers.

The lower court heard the testimony, and before him these plaintiffs appeared as witnesses. He named the amount of the damages which he found would be a reasonable compensation to them for the extent of injury which he found the evidence showed that they suffered. To the men he gave nominal damages, and to the women substantial damages.

The finding of the circuit court, sitting as a jury, is as conclusive on this court as the verdict of a jury. *Bell* v. *Welch*, 38 Ark. 139; *Garland Co.* v. *Hot Spring Co.*, 68 Ark. 83. We are of opinion that the evidence is sufficient to support the finding of the lower court in each of these cases.

The declarations of law made by the court are in harmony with the principles governing the facts and circumstances of this case; and in their brief counsel for appellant have urged no error as to these declarations.

Finding no error, the judgments are affirmed.