## FRANCE *v.* SHOCKEY.

### Opinion delivered October 18, 1909.

1. GUARDIAN AND WARD—CONCLUSIVENESS OF CONFIRMATION OF SETTLEMENT.—The confirmation of a guardian's settlement by the probate court is a judgment which can be appealed from, but which cannot be otherwise disturbed save in chancery upon an allegation of fraud or some other equitable ground. (Page 44.)

2. APPEAL AND ERROR—PRESUMPTION WHERE ABSTRACT IS INCOMPLETE.— Where the testimony is not abstracted in full, it will be presumed that the finding of the trial court was not erroneous. (Page 44.)

3. SAME—CONCLUSIVENESS OF COURT'S FINDINGS.—Findings of fact made by the trial court in an action at law are as conclusive on appeal as the findings of a jury. (Page 45.)

4. GUARDIAN AND WARD—COMPENSATION—ALLOWANCE.—Under Kirby's Digest, § 3828, providing that "guardians and curators shall receive such compensation for their services as the court shall decide to be just and reasonable," the probate court may allow a guardian compensation in his final settlement where no allowance has been made in any of the prior settlements. (Page 45.)

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; affirmed.

*W. N. Carpenter,* for appellant.

1. The probate court has ample equitable jurisdiction over guardians' settlements to reopen and review them at any time for frauds and errors. Const. 1874, art. 7, § 34; 40 Ark. 443; 33 Ark. 728.

2 A guardian may not be allowed, and the probate court is without authority to award to a guardian, for maintenance

and education of the ward, more than the clear income of the
estate unless such expenditures have been made under direction
of the court. Sandels & Hill's Dig., § 3604; 63 Ark. 454; 60
Miss. 277; 53 Miss. 143; 67 Tex. 76. An allowance for clothing,
books, tuition, music and medicine, with no voucher shown for
any part of it, is clearly erroneous. 63 Ark. 455. Where the
ward renders services to the guardian, he is chargeable with the
value thereof as against the cost of her maintenance, etc. *Id.*
450.

3. The court erred in allowing the guardian credit for
$40 commissions. It is not intended by the law to allow
compensation where the guardian has neglected his duties, mis-
managed the property of his ward, or has done positive wrong
and injustice. 23 Ark. 47.

FRAUENTHAL, J. In 1895 the appellee, J. B. Shockey, was
appointed guardian of Courtney Holland, a minor, by the probate
court of Benton County. As such guardian he made eight an-
nual settlements of the guardianship thereafter, and each of these
settlements was confirmed by said probate court. No appeal was
taken from any of said orders confirming said settlements. The
last of these annual settlements was confirmed by said probate
court in 1903. On January 20, 1904, Courtney Holland married
and became Courtney France, and in April, 1904, she arrived at
the age of 18 years. In April, 1904, the guardian filed his ninth
and final settlement. In this final settlement the guardian took
credit for an item of support, education, and money advanced
to the ward since last settlement, amounting to $386.25, which
was more than the amount of the rents and interest received, the
clear income of the estate. According to the final settlement
there was a balance of $250 due to the ward, and a number of
months after the filing of the final settlement the appellee paid
to the appellant the said alleged balance and took the receipt of
herself and her husband therefor. During this time the final set-
tlement, although long since filed, was not acted on by said pro-
bate court. In March, 1906, the appellant filed in the said pro-
bate court exceptions to the said final settlement. In this plead-
ing she incorporates also exceptions to each of the eight annual
settlements. Each exception is in the same language except as
to the item of amount, so that the exceptions to the first will indi-
cate the exceptions to the other annual settlements.

The exceptions to the first settlement are as follows: "1. She excepts to the annual settlement of the said J. B. Shockey filed July 20, 1896, and says there is due her on said settlement $442.99." The amount of the balance actually found due on this first setttlement by the order of confirmation was $427.99. But neither in this exception, nor in any of the exceptions, is it alleged that any item of charge, property or asset is omitted from the settlements, or that any item of credit was allowed which was not set out in the settlements. It would appear from the argument of counsel for appellant that the objections to the annual settlements were based on the claim that certain items of credit were excessive as to amount, and this excessive amount had been allowed; and it is his contention that the probate court has jurisdiction to investigate the annual settlements in that particular and, if found erroneous, to correct them.

The above exceptions made to each of the annual settlements are incorporated in and made a part of the exceptions to the final settlement; and the specific exceptions to the final settlement are that the balance should be larger in amount. No specific item of asset is alleged or claimed to have been omitted from the final settlement; no item of credit taken is complained of, except the item: "Support, education, money advanced to the ward since last settlement, $386.25."

The probate court confirmed the final settlement as made by the guardian. From that judgment the appellant appealed to the circuit court, and that court restated the account. It found that it was concluded from investigating any erroneous or excessive allowances of credits in the annual settlements by the orders confirming those settlements. It found that the items of charges in the final settlement were correct. It allowed a credit of $125 on the item of support, education and money furnished ward, and a credit of $40.75 for compensation or commission to the guardian, and other credits of the allowance of which no complaint is made. It found that there was still a balance due to the ward after the payment of said $250, and that this balance should bear interest at the rate of 6 per cent. per annum from July, 1904, the date when the hearing of the matter on the confirmation of the final settlement could be first entertained in the probate court; and it remanded the proceedings to the probate court with di-

rections to enter in that court an order in accordance with the judgment of the circuit court.

It is urged by counsel for appellant that the probate court has the power to open the settlements of guardians after confirmation thereof and to correct any errors in such settlements. But it has been uniformly held by this court that the order of confirmation of a settlement of a guardian by the probate court is a judgment which can be appealed from, but which cannot be otherwise disturbed, except in a court of chancery upon an allegation of fraud or some other recognized ground for equitable relief. Each order confirming each settlement becomes final and conclusive of all matters therein embraced, and cannot be reopened for alleged errors. The order of confirmation is a finding and an adjudication of each item of charge and credit contained in such settlement, and the investigation of the correctness of such finding and adjudication is concluded. *Rightor* v. *Gray,* 23 Ark. 228; *Payne* v. *McCabe,* 37 Ark. 318; *Phelps* v. *Buck,* 40 Ark. 219.

The record does not show that any item of property of the ward has been omitted from these annual settlements, or that any credit was allowed except upon items of credit specifically set out in the settlements. The probate court passed upon these and made a finding of the justice of their allowance and of their amounts. If its finding was erroneous, it could only be corrected upon appeal. No appeal has been taken from the orders of confirmation of these annual settlements within the time prescribed by law, and they have therefore become final. Thereafter the probate court has not the jurisdiction to reopen these settlements. *Nelson* v. *Cowling,* 89 Ark. 334.

It follows that the court did not err in refusing to surcharge the final settlement with a larger charge on the item of the balance of the eighth annual setttlement. It is urged that in the final settlement the guardian should be charged with rent of homestead. But in the final settlement there is a charge made on an item of rent without specifically setting forth of what property it is the rent. The appellant in her abstract of the evidence has wholly failed to abstract the testimony of the witnesses of the appellee. As shown by the transcript, nine witnesses actually testified on the part of the appellee. We have repeatedly held that it is necessary that a fairly complete abstract of the record should be

made in order to secure a review of questions depending on the record. *Files* v. *Law*, 88 Ark. 449; *Jett* v. *Crittenden*, 89 Ark. 349.

In this case there is no abstract of the testimony of any of the nine witnesses who testified on the part of the appellee, and we are therefore led to presume from the court's finding that the contention of appellant that no charge was made for this rent is not well founded.

It is urged that the court erred in allowing the item of credit of $125 for support, education and money furnished the ward. The probate court allowed upon this item the sum of $386.25, and the appellant claimed that this was in excess of the income of the ward, and that the expenditures were made without the direction of the probate court, and that it was error to allow it.

Section 3792 of Kirby's Digest provides that "without such direction the guardian shall not be allowed in any case for the maintenance and education of the ward more than the clear income of the estate." The circuit court allowed on this item the sum of $125, and the evidence does not show that this exceeded the amount of the rent and interest received, which constituted the income of the estate. It is urged that appellant was a member of appellee's family, and by her work earned for appellee the amount of her support. But the testimony of appellant herself shows that the appellee sent her to college from September to January and paid the expenses of her tuition and books; that he purchased for her clothes to the amount of $75, and that he furnished her money. The appellee denied that the appellant performed any work. The appellant has wholly failed to abstract the testimony of appellee and the witnesses in his behalf; and it cannot therefore be found that items to the value of $125 were not furnished to appellant, for which she is chargeable. In addition to this, the finding of the trial court sitting as a jury is as conclusive on appeal as the finding of a jury; and we cannot say in this case that there is not sufficient evidence to support the findings of the lower court. *Bell* v. *Welch*, 38 Ark. 139; *Garland County* v. *Hot Spring County*, 68 Ark. 83; *Ark. Central Rd. Co.* v. *Janson*, 90 Ark. 494.

It is urged that the court erred in allowing the item of compensation to the guardian. Upon an examination of the various

settlements, we find that no allowance was ever made and no credit taken by the guardian as a compensation for his services. The court here allowed him $40.75 for such compensation. Section 3828 of Kirby's Digest provides: "Guardians and curators shall receive such compensation for their services as the court shall decide to be just and reasonable." We cannot say that this amount allowed for compensation of the guardian was unjust, and certainly it was not excessive. We do not think that error was committed by allowing only six per cent. interest on the balance found due from the guardian; nor do we find from the record any prejudicial error committed by the lower court.

The judgment of the Benton Circuit Court herein is affirmed.