## MATTHEWS *v.* CLAY COUNTY.

### Opinion delivered July 3, 1916.

1. APPEAL AND ERROR—FINDING OF FACTS BY COURT—CONCLUSIVENESS.
   —When a case is tried before a court sitting as a jury, the court's findings of fact are as conclusive on appeal as the verdict of a jury.
2. APPEAL AND ERROR—TRIAL BEFORE COURT ALONE UNDER STATUTE—PRESUMPTION AS TO FINDING OF FACT.—When the circuit judge is, by statute, the trier of facts in cases to which the constitutional right of trial by jury does not extend, the same presumption attends his findings as when a jury is waived by the parties.
3. APPEAL AND ERROR—FINDINGS OF FACT.—The findings of fact made by the court below, will not be disturbed on appeal when supported by any evidence of a substantial character.

Appeal from Clay Circuit Court, Eastern District; *J. F. Gautney*, Judge; affirmed.

*F. G. Taylor, J. L. Taylor* and *G. B. Oliver*, for appellant.

The questions here are almost entirely of fact and to be determined upon the weight of the evidence, the burden of proof being on appellee. The principal one is: Did Matthews inclose the $6,000 in scrip, and did Cargill receive it? The evidence of appellant and his witness is clear and convincing, while inconsistencies and contradictions appear in the evidence offered by appellee. The findings of the court are clearly against the weight of the evidence. 38 Ark. 482; 24 Cyc. 134; n; Kirby's Digest, § 7174.

*L. Hunter* and *Spence & Dudley,* for appellee.

This action was brought under § 7174 Kirby's Digest. The principal item is the $6,000 in scrip. The court sitting as a jury found against appellant on sufficient evidence. Such finding is as conclusive as the verdict of a jury, and will not be disturbed if there is evidence to support it. 90 Ark. 512; 91 *Id.* 108; 100 *Id.* 166; 104 *Id.* 154; 88 *Id.* 587; 96 *Id.* 606.

HART, J. Section 7174 of Kirby's Digest provides that whenever any error shall be discovered in the settlement of any county officer made with the county court, it shall be the duty of the court, any time within two years from the date of such settlement, to reconsider and adjust the same.

J. E. Matthews was sheriff and collector of Clay County from October 31, 1910, to October 31, 1914. During that time C. A. Cargill was treasurer of the county. On July 18, 1913, Matthews filed a settlement as collector in the county court and his settlement was duly approved by the court. It was shown that he had paid to the county treasurer all the funds with which he was chargeable as collector. On February 5, 1915, Cargill filed his petition in the county court under the section of the statute above referred to, and asked that the settlement of Matthews as collector, be reconsidered and adjusted. Certain alleged errors in the settlement were specifically named in the petition. The county court opened the settlement for the purpose of correcting errors in it and caused a restatement of the collector's account to be made. Judgment was rendered against Matthews for the amount found to be due and Matthews appealed to the circuit court.

The circuit court after hearing the testimony, restated the account of Matthews. It found in his favor in regard to certain alleged errors and against him as to certain others. The circuit court found that Matthews as collector was indebted to Clay County in the sum of $5,980.21 and judgment was rendered against him and his

bondsmen for that amount. The case is brought before us by appeal.

(1-3) It is well settled in this State than when a case is tried before a court sitting as a jury, the court's findings of fact are as conclusive on appeal as the verdict of a jury. This is conceded to be the law by counsel for Matthews but they contend that the rule is different when the trial court is properly the trier of the facts. This court has ruled adversely to their contention. When the law makes the circuit judge the trier of facts in cases, to which the constitutional right of trial by jury does not extend, the same presumption attends his findings as when a jury is waived by the parties. *Jones* v. *Glidewell*, 53 Ark. 161; *Schuman* v. *Sanderson*, 73 Ark. 187; *Williams* v. *Buchanan*, 86 Ark. 259. The reason is that in cases tried at law, we only review for errors. In chancery cases there is a trial *de novo* in this court and the findings of facts made by a chancellor are persuasive merely. The circuit court found the issues of facts against Matthews and under the settled rules of this court, if there is any evidence of a substantial character to sustain the findings of fact made by the trial court it is our duty to uphold them. On certain of the errors alleged against Matthews the court found in his favor and inasmuch as no appeal was taken by the county, the testimony in regard to these items need not be abstracted and no further reference need be made to them. The correctness of the judgment of the circuit court against Matthews depends upon whether or not Matthews sent to Cargill as treasurer, a package of scrip amounting to $6,000. This is conceded by counsel for both parties.

Matthews testified that on the 7th day of May, 1913, he sent Cargill the sum of $14,700 by registered letter; that $8,700 of this amount was in bank checks of various denominations and $6,000 of it was in county scrip of various amounts; from fifty cents to one hundred and twenty-five dollars or more. Matthews testified positively that he got most of this scrip from the two banks in the town of Corning and that he and his deputy checked it over in his office and that his deputy then placed t

checks and the scrip in an envelope and went over to the post office to mail it. His deputy corroborated him in this testimony. He stated that they went over the list of scrip carefully and checked it up and that after the bank checks and scrip were placed in an envelope he addressed the envelope to C. A. Cargill at Piggott in Clay County, Arkansas, and carried it to the post office where the letter was registered.

An attorney in the town of Corning testified that he was working in the county clerk's office at Corning in May, 1913, that the county clerk's office was just across the hall from the collector's office; that he went into the collector's office in May, 1913, and the deputy sheriff called his attention to a package containing $6,000 of county scrip that he was mailing to C. A. Cargill at Piggott. Other circumstances were introduced in evidence which tended to corroborate the testimony of Matthews and his deputy. Cargill admitted receiving a registered letter and that it was properly sealed and did not appear to have been opened in transit. He denied however that it contained $6,000 in scrip or any other amount of county scrip. He said that the remittance contained in the letter consisted entirely of bank checks aggregating the sum of $8,700. His testimony is corroborated by that of S. P. Johnson.

Johnson testified that he was working for Cargill in the spring of 1913 and that he remembered getting a registered letter out of the post office at Piggott for him; that he saw Cargill open the letter and noticed some bank checks in the letter but did not notice any county scrip; that he thinks he would have noticed the scrip if it had been there both on account of the bulk it would have made and of the color being green, a different color from that of the paper on which the checks were written. Other circumstances were adduced in evidence tending to corroborate the testimony of Cargill.

We need not abstract the testimony further, however. As we have already seen under the settled rule of this court we must uphold the findings of facts made by the circuit court if there is any substantial evidence to sup-

port them.    It is true Matthews and two other witnesses testified positively that $6,000 in county scrip was placed in a sealed envelope with some bank checks and mailed to Cargill.    It is also shown that a registered letter containing the bank checks was received by Cargill and that the envelope did not appear to have been broken open. Cargill and Johnson admitted that the letter was received and that it did not appear to have been broken open but they denied that the scrip was in the letter.

The undisputed testimony that the letter did not appear to have been broken open during transit and the testimony of Matthews and others to the effect that the scrip was placed in the letter does not demonstrate beyond controversy that the findings of fact by the circuit court were based upon what is untrue and what could not be true and that on this account the court should have found for Matthews as a matter of law.    At most their testimony only furnished a strong argument against the credibility of the testimony of Cargill and his witnesses and in favor of the credibility of Matthews and his witnesses..    This, however, is as far as the record authorizes us to go.    The testimony of the witnesses on both sides related to matters, situations and conditions which might or might not have existed.    The testimony of Cargill and Johnson that the scrip was not in the letter when they received it, tended to contradict the testimony of Matthews and his witnesses and to establish the fact that they did not send the scrip to Cargill.    The circuit court was the sole judge of the credibility of the witnesses and it made an express finding of fact that Cargill did not receive the scrip.    The testimony upon which this finding was based is not opposed to any unquestioned law of nature but if believed by the court was sufficient to warrant its findings.    *St. L. S. W. Ry. Co.* v. *Ellenwood,* 123 Ark. 428.

It follows that the judgment must be affirmed.