## HIGGINBOTHAM v. RITTER, EXECUTRIX.

4-5920          139 S. W. 2d 27

Opinion delivered April 15, 1940.

*Lamb & Barrett,* for appellant.

*Frierson & Frierson,* for appellee.

HOLT, J. February 1, 1928, G. W. and Ola D. Culberhouse, husband and wife, executed a note for $6,500 in favor of W. Higginbotham, due August 1, 1928. Two indorsements appear on the note—"9-14-32 by cash, $2,000.00. 3-31-33 by cash, $15.00". W. Higginbotham died intestate March 15, 1928. G. W. Culberhouse died testate in August, 1929, and Ola D. Culberhouse died testate January 3, 1938.

The will of G. W. Culberhouse executed June 7, 1929, was probated August 17, 1929. Under the will his entire estate was given to his wife, Ola D. Culberhouse.

The will of Ola D. Culberhouse, which was executed March 24, 1931, was probated January 10, 1938, and under its terms practically her entire estate was devised to Flossie Ritter, who was named executrix.

February 3, 1938, Francis A. Higginbotham, widow of W. Higginbotham, and R. F. Higginbotham, her son and only surviving heir of W. Higginbotham, filed claim with Flossie Ritter, executrix, based upon the $6,500 note, which at that time with interest amounted to $11,132.33. The executrix disallowed this claim and it was filed with the probate clerk February 12, 1938. December 15, 1938, on a hearing before the probate court, the claim was disallowed. An appeal from this order was prosecuted on December 28, 1938, to the circuit court.

September 2, 1939, Francis A. Higginbotham and R. F. Higginbotham assigned their claim against the estate of Ola D. Culberhouse to R. W. Higginbotham, who is a grandson of Francis A. Higginbotham and a son of R. F. Higginbotham. This assignment was acknowledged and filed with the clerk of the circuit court September 5, 1939. At the same time a bond for costs as provided in § 1307 of Pope's Digest was filed.

September 5, 1939, (the date set for trial on the claim in the circuit court) R. W. Higginbotham, as assignee and owner of the claim, filed his verified motion alleging ownership of the claim and prayed that he be substituted as sole plaintiff.

The executrix on the same day filed her "Response to Claimant's Motion to Substitute Parties Plaintiff", in which she denied appellant R. W. Higginbotham's right under the constitution and statutes of this state to be substituted as sole plaintiff in the cause and further charged that there was no consideration for the alleged assignment of the claim to R. W. Higginbotham.

In passing on the motion of R. W. Higginbotham to be substituted as sole plaintiff, the trial court ruled that "under the record the assignment is in proper form; that its validity has not been questioned in the only way provided by statute that it may be questioned, and that the assignee, R. W. Higginbotham, be joined as a party with the claimants, F. A. and R. F. Higginbotham; that the motion of assignee that he be substituted as the sole claimant be denied, it being the opinion of the court that such substitution is discretionary with the court and that since the only purpose apparent would be the question of the testimony of the claimants, Francis A. and R. F. Higginbotham, and the deceased, the sole reason for the substitution would be an evasion of the constitutional privileges in that regard."

Immediately following this ruling, September 5, 1939, the original claimants, F. A. Higginbotham and R. F. Higginbotham, filed a motion in which they prayed that they be dismissed as parties plaintiff.

The court in passing upon this motion said: "In view of the filing of the motion by the claimants, F. A. and R. F. Higginbotham, that they be permitted to withdraw from this suit as plaintiffs and claimants, the court sets aside its order making R. W. Higginbotham a party plaintiff and claimant, there not having been any motion on the part of R. W. Higginbotham to be joined as a plaintiff, but only to be substituted as plaintiff and claimant in the place of and in the stead of F. A. and R. F. Higginbotham, and the order of the court now is that the motion of R. W. Higginbotham to be substituted as plaintiff and claimant be denied".

Following this ruling of the trial court, appellants introduced evidence, which, in view of our conclusions,

we deem it unnecessary to set out here. Appellees offered no evidence.

Appellants earnestly insist that the trial court erred in refusing to permit appellant, R. W. Higginbotham, to be substituted as sole plaintiff in the cause, as assignee and owner of the claim in question, and it is our view, on this record, that this contention must be sustained.

The promissory note which constituted the claim in question was assignable. (§ 512 of Pope's Digest.) The necessary bond for costs as required by § 1307 of Pope's Digest was duly filed.

It was not necessary for the assignee of this claim to set forth the consideration of the assignment on the claim assigned. Section 517 of Pope's Digest.

It is provided in § 516 of Pope's Digest that "The assignee of any instrument in writing made assignable by law, on bringing suit thereon, shall not be required to prove said assignment, unless the defendant shall annex to his answer an affidavit denying such assignment, and alleging that he verily believes that one or more of the assignments on such instrument was forged."

The assignment of the claim in question to appellant, R. W. Higginbotham, recites "good and sufficient consideration". It was properly executed, acknowledged, and passed title to the claim. Appellee makes no claim that the assignment was forged. No forgery is anywhere alleged. In fact, as above indicated, the trial court held "that under the record the assignment is in proper form; that its validity has not been questioned in the only way provided by statute that it may be questioned, . . ."

There can be no question but that the assignment could be made during the pendency of the action. Section 1307 of Pope's Digest provides: "Where the right of the plaintiff is transferred or assigned during the pendency of the action, it may be continued in his name, or the court may allow the person to whom the transfer or assignment is made to be substituted in the action, proper orders being made as to security for the costs."

In the instant case, appellant, R. W. Higginbotham, after having become the owner of the claim in question on an assignment, in every respect legal and in proper form, seeks to be made sole plaintiff in the cause and to take the place of the original plaintiffs who had sold and assigned to him all interest they had in the claim, and original plaintiffs, F. A. and R. F. Higginbotham, seek to withdraw.

Section 1305 of Pope's Digest provides "Every action must be prosecuted in the name of the real party in interest, except as provided in § 1307, . . ."

On this record it is our view that appellant, R. W. Higginbotham, became the real party in interest, should have been allowed to proceed as sole plaintiff, and that the trial court erred in denying to him this right.

We think the position of the assignee, R. W. Higginbotham, is no different from that of a stranger who might have bought the claim from the original plaintiffs and claimants, F. A. Higginbotham and R. F. Higginbotham. Certainly it could not be successfully urged that a stranger as assignee and owner of the claim could not have demanded the right to sue on the claim as sole plaintiff.

For the error indicated the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.