HIGGINBOTHAM *v.* RITTER, EXECUTRIX.

4-6348                                              150 S. W. 2d 620

Opinion delivered May 5, 1941.

*Lamb & Barrett,* for appellant.

*Chas. D. Frierson* and *Charles Frierson, Jr.,* for appellee.

SMITH, J.   This is a suit upon a note for $6,500 dated February 1, 1928, due August 1, 1928, payable to the order of W. Higginbotham, signed by G. W. Culberhouse and Ola Culberhouse, his wife, and bearing interest at the rate of ten per cent. per annum after maturity until paid.   Higginbotham, the payee, died intestate March 15, 1928.   G. W. Culberhouse died testate in August, 1929, and his wife, Ola D., died testate January 3, 1938.

Higginbotham was survived by Frances A., his widow, and R. F., their only child. Mrs. Culberhouse died testate, and Mrs. Flossie Ritter, the principal beneficiary in her will, qualified as her executrix. Mrs. Ritter had been reared in the Culberhouse home as a daughter, but had never been legally adopted.

The widow and sole heir of Higginbotham filed the note as a claim against Mrs. Culberhouse's estate, and appealed to the circuit court from the order of the probate court disallowing it. On the day set for the trial of the cause in the circuit court, R. W. Higginbotham, a son of R. F., filed a motion alleging his sole ownership of the note under its assignment to him, and prayed that he be substituted as sole plaintiff. This motion was overruled, and the trial resulted in a judgment in favor of the executrix, which judgment, upon the appeal to this court, was reversed, for the refusal of the court to permit R. W. Higginbotham to prosecute as sole plaintiff. *Higginbotham* v. *Ritter, Executrix,* 200 Ark. 376, 139 S. W. 2d 27.

The purpose and effect of that motion was, of course, to remove the disqualification of the widow and son of W. Higginbotham to testify imposed by § 5154, Pope's Digest.

Upon the remand, the cause was tried upon the issue of fact whether the statute of limitations had been tolled by the alleged payment of $15 made by Mrs. Culberhouse. A previous payment of $2,000 had kept the note alive up to and beyond the date of the alleged payment of $15.

As stated in the former opinion, the note was filed as a claim against Mrs. Culberhouse's estate February 3, 1938. The court found that plaintiff had failed to prove the $15 payment, and that the note was barred by the statute of limitations, and from that judgment is this appeal.

The controlling question in the case is, therefore, the one of fact whether Mrs. Culberhouse made the $15 payment. Upon this question of fact many witnesses testified, and we have a large record before us.

We first state the rule which we must follow in reviewing the finding of the trial court on the testimony. The case having reached the circuit court on appeal from the probate court, it was heard by the circuit court without a jury.

In the case of *Matthews* v. *Cargill,* 125 Ark. 136, 188 S. W. 564, it was held that when the law makes the trial judge the trier of facts in cases to which the constitutional right of trial by jury does not apply, the same presumption attends his findings as when a jury is waived by the parties. That case was an appeal to the circuit court from the county court; but the same rule was stated and applied in the cases of *France* v. *Shockey,* 92 Ark. 41, 121 S. W. 1056; *Thomas* v. *Thomas,* 150 Ark. 43, 233 S. W. 808, and *Mangrum* v. *Benton,* 194 Ark. 1007, 109 S. W. 2d 1250, which were all appeals to the circuit court from the probate court. There are many other cases to the same effect.

G. W. Culberhouse, one of the makers of the note, died testate and childless, and R. E. Robertson, a nephew of Mrs. Culberhouse, qualified and served as executor of his estate, which proved to be heavily incumbered and insolvent. The note was not filed as a claim against Mr. Culberhouse's estate.

After the death of Mr. Culberhouse, his widow removed to the home of Mrs. W. Higginbotham, his sister, with whom she resided for several years, and the testimony is to the effect that Mrs. Culberhouse paid no board while residing with her sister.

Mrs. Frances A. Higginbotham identified the signature of Mrs. Culberhouse as that of her sister, and testified that she and Mrs. Culberhouse had frequently discussed the debt evidenced by the note, and that Mrs. Culberhouse repeatedly expressed the intention to see that it was paid. Mrs. Higginbotham further testified that her son Robert purchased a bill of can goods in Paragould costing $30. Concerning this transaction, out of which the alleged payment of $15 was made, Mrs. Higginbotham testified as follows: "A. I never expected anything to come up, but she was out there living with

us and she wanted to give Bob the $15 on the grocery bill. She just hated to stay here all the time and she wanted to pay her part of it. Bob said, 'Aunt Ola, I have done paid it' and he didn't want to take it and she says, 'Well, you will take it—you know and I know that I want to pay my way.' Bob told her he had already paid it, but she just insisted that he take this money and he said, 'Well, I will apply it on the note' and she said that was all right, for him to do that.''

R. F. Higginbotham testified in the probate court that his aunt, Mrs. Culberhouse, gave him the $15 to apply on the groceries, but he did not want to take her money on that account, ''and she insisted, and I told her, 'No,' and tried to give her the money back, and finding she would not take it back, I said, 'I will apply the money on that note,' and let it go at that, and she said, 'Very well.' ''

The presiding judge made only a general finding of fact; but it may have been in his mind that Mrs. Culberhouse did not make a payment on the note, but intended only to pay half the price of the groceries, for he asked the witness this question: ''Q. The actual taking of the currency, did she give you as a part of the grocery bill?'', and he answered: ''A. I would not take it until after I convinced her I would not put it on the grocery bill.''

The conflict between R. F. Higginbotham's testimony before the probate court and that at the trial appears slight, and yet it may be significant, and we cannot know, in the absence of specific findings, just what weight the trial judge gave to this conflict. At the trial from which is this appeal Higginbotham testified that he would not accept the money until Mrs. Culberhouse had said, ''Very well,'' in response to his suggestion that the payment be credited on the note; whereas, in the probate court, he testified that ''I tried to give her the money back,'' a thing he could not have done unless she had first given him the money; and if she intended to pay one-half the cost of the groceries it was not a payment on the note.

R. E. Robertson, a nephew of Mrs. Culberhouse, was named executor in the will of Mr. Culberhouse, and

wound up the estate in that capacity. He testified that his aunt frequently referred to the Higginbotham note, and expressed the desire that it be paid, but he did not specifically state whether his aunt wanted it paid out of her estate or out of that of Mr. Culberhouse.

A nurse who attended Mrs. Culberhouse during the last two weeks of her life testified that Mrs. Culberhouse referred to the Higginbotham note, and the night before she died stated that she wanted it paid.

A Mrs. Arnold, who had lived in the Culberhouse home as a daughter until her marriage, but who was left nothing in Mrs. Culberhouse's will, testified that she had frequently heard Mrs. Culberhouse express the desire and intention to see that the note was paid.

Opposed to this testimony was that of three witnesses, who detailed conversations with Mrs. Culberhouse, in which a contrary purpose and intention in regard to the note was expressed. Mrs. Culberhouse expressed the opinion that she was not responsible for the note, which evidenced her husband's debt, and she expressed resentment at the manner in which the $2,000 credit was obtained and applied, this being the proceeds of a fire insurance policy covering a house owned by Mrs. Culberhouse which had burned and Higginbotham collected the insurance for the same. One of these witnesses was an attorney who testified that he advised Mrs. Culberhouse as to the statute of limitations, and that at Mrs. Culberhouse's request he watched to see if suit was filed before the bar of the statute had fallen, and that no suit was filed in Mrs. Culberhouse's lifetime.

The court held the testimony of these three witnesses incompetent; and it was, no doubt, disregarded; but, even so, we are unable to say that the finding that the $15 payment was not made is not fairly supported as a reasonable inference to be deduced from all the testimony.

The time when the $15 payment was made is second only in importance to the question as to whether it was made at all. Witness R. F. Higginbotham was asked: "Q. You couldn't be mistaken about that date (of payment) of March 21 (1933)?", and he answered, "No,

sir.'' He was asked, ''Q. If she paid you at all, she paid you on that date?'', and he answered, ''Yes, sir.''

As appears from appellant's testimony, Mrs. Culberhouse desired to pay the $15 as a part of the living expenses of the family of which she was a member; but it was not so received or applied by Mr. Higginbotham. But the testimony on appellee's behalf is to the effect that Mrs. Culberhouse had ceased to be a member of the Higginbotham household, and had left that home as early as December 26, 1932, so that any payment made prior to that date would have been more than five years prior to the date of Mrs. Culberhouse's death, which occurred January 3, 1938.

It is true, of course, as appellant insists, that Mrs. Culberhouse might have made this payment after leaving the Higginbotham home; but Mrs. Higginbotham testified that Mrs. Culberhouse ''was out here living with us, and she wanted to give Bob $15 on the grocery bill.''

The court below found only that the $15 payment had not been made, and there was no amplification of that finding, and as we are unable to say that this finding is not substantially supported by the testimony, it must be affirmed, and it is so ordered.