SPYBUCK DRAINAGE DISTRICT No. 1 v. ST. FRANCIS COUNTY.

Opinion delivered December 14, 1914.

1.  APPEAL—FROM JUDGMENT OF COUNTY COURT—AFFIDAVIT.—Where an appeal is taken from the judgment of a county court an affidavit for appeal is a prerequisite to the exercise of jurisdiction by the circuit court.

2.  APPEAL—FILING AFFIDAVIT—PROOF—JURISDICTION.—Where an appeal has been taken from the county to the circuit court, it is not necessary that the record of the county court show that the affidavit for appeal had been filed; it is only necessary that it be shown by competent proof that an affidavit for appeal was made and filed with the proper officer, and when such proof is made, the jurisdiction of the circuit court attaches.

Appeal from St. Francis Circuit Court; *J. M. Jackson,* Judge; reversed.

*W. W. Hughes* and *S. H. Mann,* for appellants.

The court had jurisdiction; it was error to dismiss. 92 Ark. 148; 89 Ark. 160; 100 *Id.* 63; 66 *Id.* 1; 72 *Id.* 101; 66 *Id.* 416. The latter case is conclusive.

*N. B. Norfleet* and *Carmichael, Brooks, Powers & Rector,* for appellee.

The court properly dismissed the appeal for want of jurisdiction. 65 Ark. 420; 65 *Id.* quoting from 9 Ark. *Singer* v. *Berry;* 5 Ark. 478; 9 *Id.* 375; 24 *Id.* 142; 31 *Id.*

725; 2 Cyc. 1025; 98 Va. 91; 36 La. Ann. 419; 2 Cyc. 1027; *Ib.* 1028, 1037; Kirby's Dig. § 1488; 21 Ark. 94; 69 *Id.* 51; 92 *Id.* 148. See, also, *In re,* 24 Ark. 282; 25 *Id.* 275; 42 *Id.* 183. This is a collateral attack on the judgment.

HART, J. On the 5th day of July, 1910, W. E. Williams, collector of St. Francis County and the Spybuck Drainage District No. 1, filed in the county court of St. Francis County a demand against the county in the sum of $1,073.81, alleging said sum to be due by the county to the Spybuck Drainage District by reason of assessments against the county in favor of the district. The county court after due consideration, disallowed the claim for the reason that no benefit was derived by the county from the district.

The record of the judgment shows that the drainage district excepted to the ruling of the court and prayed an appeal to the circuit court which was granted. In the circuit court St. Francis County moved to dismiss the appeal for want of jurisdiction because no affidavit for appeal had been filed by the drainage district. The transcript of the proceedings in the county court did not show that any affidavit for appeal had been filed and no affidavit for appeal appeared among the papers. The testimony of T. C. Merwin, for the drainage district, was taken in the circuit court and is as follows:

"I am clerk of the county court of St. Francis County, and have been such clerk since October 31, 1900, and prior to that time was deputy clerk in the same office from April, 1894, until I qualified as clerk; and as such deputy I transacted all the business pertaining to the office of county court clerk. I do not recall in this particular case whether or not an affidavit for an appeal or bond was filed in my office. That the records do not disclose such a fact and no notation made thereon. It has always been my practice and custom, both as clerk and deputy clerk, never to write up an order granting an appeal nor to certify a transcript of the papers in any case to the circuit court on appeal, unless the affidavit has been previously filed. The fact that the record of the county court shows an order granting an appeal in this case, caused me to feel sure that an affidavit for the ap-

peal was duly filed previous to the granting of the appeal. Judge Folbre refused to pay this claim; he was the county judge.  During his term and as long as he was county judge, he refused to pay the claim."

The circuit court rendered the following judgment:

"This cause coming on to be heard on the record from the county court of St. Francis County, and the oral evidence of witnesses in open court, from which it appears to the court that the record certified up from the county court fails to show that any affidavit for appeal from said court was made and filed from the judgment of said county court, as required by law; and in consequence of the failure of said record to show the filing of an affidavit for appeal from the judgment of the county court, this court is without jurisdiction in said cause.

"It is therefore, considered, ordered and adjudged by the court that the cause be and the same is hereby dismissed for want of jurisdiction, at the costs of the plaintiff."

From the judgment rendered the drainage district has duly prosecuted an appeal to this court.

(1)  In the case of *Walker* v. *Noll*, 92 Ark. 148, the court held that the filing of an affidavit was a prerequisite to an appeal from the probate court. By analogy, where an appeal is taken from the judgment of a county court an affidavit for appeal is a prerequisite to the exercise of jurisdiction by the circuit court, and this is the effect of the decision of *Wulff* v. *Davis*, 108 Ark. 291.

(2)  In the case before us, however, we think the circuit court might have inferred from the testimony of T. C. Merwin that an affidavit for appeal had been filed.  It is true that he does not state positively that he has any recollection that an affidavit for appeal was filed; but he does state that he was county clerk at the time the proceedings in question were had and had been for a great many years, and was deputy clerk before he became clerk, and that it has been his custom never to write an order granting an appeal nor to certify a transcript of the papers in any case to the circuit court on appeal, unless an affidavit for appeal had been previously filed.  We do not say from this testi-

mony that the circuit court must have found that an affidavit for appeal had been filed; but we are of the opinion that from the testimony—which is not contradicted—the circuit court might have found that an affidavit for appeal had been filed and that the same had been lost. It is not necessary that the record of the county court should show that the affidavit for appeal had been filed; it is only necessary that it be shown by competent proof that an affidavit for appeal was made and filed with the proper officer. When this is done the jurisdiction of the circuit court attaches.

It seems that the circuit court based its judgment on the fact that the record did not show the filing of an affidavit for appeal from the judgment of the county court, and for that reason held that it was without jurisdiction, and on that question dismissed the drainage district's cause of action for want of jurisdiction. In this the circuit court erred. As we have already seen, it might have found from the testimony of Mr. Merwin that an affidavit for appeal was filed. If that was the fact the circuit court had jurisdiction to proceed and determine the cause on its merits, notwithstanding the fact that the affidavit for appeal had been lost. The fact that an affidavit for appeal was filed was the essential fact that gave the circuit court jurisdiction.

It follows that the circuit court erred in dismissing the cause of the drainage district for want of jurisdiction, and for that error the judgment will be reversed and the cause remanded for further proceedings in accordance with law and not inconsistent with this opinion.