HUFFMAN v. SUDBURY.

Opinion delivered March 8, 1915.

1. APPEAL FROM PROBATE COURT—AFFIDAVIT.—The filing of an affidavit is necessary in order to give the probate court jurisdiction to make an order granting an appeal.

2. APPEAL—AFFIDAVIT—EVIDENCE.—In order to show jurisdiction in the probate court to grant an appeal from one of its orders, it is not

essential that the affidavit for appeal appear in the record, but the fact that it was filed, so as to give the court jurisdiction to grant the appeal, may be established by other evidence.

Appeal from Mississippi Chancery Court, Chickasawba District; *Charles D. Frierson,* Chancellor; reversed.

*J. T. Coston,* for appellant.

1. The court erred in overruling the motion to strike the case from the docket. There being no affidavit for appeal in the record, the burden was on the defendant to show affirmatively not only that an affidavit was filed, but also that it was filed before the appeal was granted. 122 S. W. 489; 124 S. W. 1028; 92 Ark. 219; 93 Ark. 275.

2. There was sufficient evidence to entitle appellant to have the case sent to the jury on the question of Bugg's assumption of the notes.

*W. D. Gravette* and *Coleman, Lewis & Cunningham,* for appellee.

1. Appellant will not be permitted to raise an issue here that was not raised below. The ground alleged for dismissing the appeal was that no affidavit for appeal had been filed at all. He can not be heard to say that the affidavit, though actually filed, was filed after the appeal was granted. 79 Ark. 293; 96 Ark. 405; 104 Ark. 371; 105 Ark. 669; 92 Ark. 46.

2. The pretended judgment of the probate court was rendered at a place outside of the jurisdiction of the court, and at a time when the court was not in session, and is, therefore, void. 71 Ark. 226; 75 Ark. 415; 89 Ark. 85; 86 Ark. 591.

3. There was no evidence, to support the claim, and the court properly directed the verdict.

*J. T. Coston,* for appellant in reply.

The supplemental record can not be considered. The case can be tried here only upon the record before, and made by, the circuit court. 161 S. W. 1035; 110 Ark. 374.

McCulloch, C. J. This case originated in the probate court of Mississippi County, where appellant's intes-

tate, Carl Huffman, presented a claim against the estate of B. A. Bugg, deceased, to recover the sum of about nine thousand dollars. The claim was allowed by the probate court and the administrator appealed to the circuit court. While the case was pending in the circuit court, the claimant, Carl Huffman, died, and the cause was revived in the name of appellant as the administrator of the estate. Appellant filed a motion in the circuit court for dismissal of the appeal on the ground that no affidavit for appeal had been filed, which motion was overruled by the court, and on the trial of the case before a jury the court gave a peremptory instruction in appellee's favor. Judgment was rendered accordingly, and an appeal has been prosecuted to this court.

(1-2) The court heard oral testimony on the motion to dismiss the appeal, and found that an affidavit had been filed, though it was not found among the papers certified up by the clerk of the probate court. The filing of an affidavit is necessary in order to give the probate court jurisdiction to make an order granting an appeal. *Walker v. Noll,* 92 Ark. 148; *Tharp v. Bennett,* 93 Ark. 263. An appeal calls for a direct review of the whole record to ascertain whether or not jurisdiction is established, and therefore no presumption can be indulged. It is not essential, however, to the exercise of jurisdiction that the affidavit for appeal appear in the record, but the fact that it was filed so as to give the court jurisdiction to grant the appeal, may be established by other evidence. *Spybuck Drainage District v. St. Francis County,* 115 Ark. 591; 172 S. W. 893.

Since the transcript of the proceedings below was lodged in this court, appellee applied to the probate court for a *nunc pro tunc* order concerning the entry of the judgment and the appeal, and brought the record, including the evidence before the probate court, up to the circuit court by *certiorari,* and thence to this court in the same way. That record, however, was not before the circuit court when the case was pending there, and it can not be considered here. *Drainage District No. 1 v. Rolfe,* 110

Ark. 374. The circuit court heard testimony, as before stated, on the issue whether or not an affidavit had been filed, and a majority of the judges are of the opinion that there is sufficient evidence to sustain the court's finding that an affidavit for appeal in proper form was filed, and that the probate court granted the appeal upon that order. It will not serve any useful purpose to discuss in detail the evidence bearing on that issue. The question of the weight of the evidence in determining this question was with the trial court, and we are not at liberty to disturb the court's finding when there is sufficient evidence to sustain it.

B. A. Bugg owned a tract of land consisting of about two thousand acres in Mississippi County, and sold the same to Carl Huffman and William Hunter for the price of $21,400, of which $10,400 was paid in cash, and Huffman and Hunter executed notes to Bugg for the balance of $11,000, with interest. Huffman borrowed from Hunter the sum of $5,000 to use in paying his half of the cash payment of the purchase price, and executed his note to Hunter for that amount with interest, and also executed to Hunter a mortgage on his half of the land purchased from Bugg to secure the payment of said note. Subsequently, Huffman sold his interest in the land to Bugg and executed a quitclaim deed reciting a consideration of "$1 and other valuable considerations." The contention in this case on the part of the appellant is that Bugg agreed, as a part of the consideration, to assume payment of the $5,000 note executed by Huffman to Hunter, and that is the basis of the claim filed against the Bugg estate. Hunter sued Huffman on the note and recovered judgment for the amount thereof and interest, amounting in the aggregate to $9,322.41, and Huffman paid that amount to Hunter in satisfaction of the judgment. Huffman then filed this claim against the estate of Bugg, who had died in the meantime, to recover the amount so paid out, alleging that Bugg had entered into a contract to assume and pay off the debt to Hunter as a part of the consideration for the quitclaim deed. Huffman's deposition was given in

the case, and was used in the trial in the probate court, and he also testified orally. That testimony was offered in the trial in the circuit court, but the court excluded all the statements which related to transactions between Huffman and Bugg. This was done pursuant to the terms of our statute which provides in actions "by or against executors, administrators or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transactions with or statements of the testator, intestate or ward, unless called to testify thereto by the opposite party." Kirby's Digest, § 3093. It is not insisted here that there was any error in thus excluding that testimony. We are of the opinion, however, that there was enough testimony to warrant a submission to the jury of the question whether or not Bugg agreed, as a part of the consideration for the conveyance from Huffman to him, to assume and pay off the note to Hunter. One of the witnesses testified that Bugg told him (witness) that he had assumed the payment of the note to Hunter for $5,000. The precise words of the deceased, as related by the witness, are as follows: "He went out of it like he went into it; he went into it on paper and went out of it on paper, and I assumed his notes." This statement was made by Bugg, according to the testimony of the witness, in relating the details of the transaction whereby Bugg purchased the interest of Huffman. We think it warranted a submission of the question of the contract to the jury, and that the court erred in taking the case away from the jury by a peremptory instruction. It was competent to establish the contract by parol testimony, and no rule of evidence was violated by proving the contract in that way. *J. H. Magill Lumber Co.* v. *Lane-White Lumber Co.*, 90 Ark. 426.

For the error in thus taking the case away from the jury by a peremptory instruction, the judgment is reversed and the cause remanded for further proceedings.