HUFFMAN, ADMR., *v.* SUDBURY, ADMR.

Opinion delivered April 16, 1917.

1.  APPEAL AND ERROR—ORAL INSTRUCTIONS—GENERAL EXCEPTIONS—PRACTICE.—Where objections have been made during the trial, the trial court may conform to a practice adopted by it, to treat general exceptions as saved.

2.  APPEAL AND ERROR—SPECIFIC OBJECTIONS—TIME FOR MAKING.—Specific objections to instructions given by the court can not be made after the conclusion of the trial.

Appeal from Mississippi Circuit Court, Chickasawba District; *W. J. Driver,* Judge; affirmed.

*J. T. Coston,* for appellant.

1.  This is the second appeal, and for the facts see 117 Ark. 628, 174 S. W. 1149.

2.  Instruction No. 6 for defendant invades the province of the jury.   It singles out the testimony of a particular witness and gives undue prominence thereto.   1 Blachfield on Instructions, etc., § 106; 37 Ark. 219; 57 *Id.* 520; 58 *Id.* 109; 117 S. W. 574; 62 Ala. 161; 162 U. S. 675; 145 S. W. 559, 1007; 57 Mo. 138; 107 Ala. 59; 95 Ga. 701; 84 N. W. 621, and others.

3.  The said instruction No. 6 is argumentative.   188 S. W. 117; 31 Ark. 311.

4.  Instructions 5 and 6 are further erroneous because they lay too much stress on the fact that the burden of proof is on the plaintiff.   61 Tex. 147.

*Gravette & Rogers* and *Coleman, Lewis & Cunningham,* for appellee.

1. Only a question of fact is involved. Instruction No. 6 was not error.

2. Only a general objection was made to it. 38 Cyc. 1790, note 20; Kirby & Castle's Digest, § 7661.

SMITH, J. The facts out of which the present litigation arises are stated in the opinion rendered upon the former appeal. 117 Ark. 628. Such of the facts as are material to an understanding of the questions raised on this appeal may be summarized as follows: Doctor Bugg sold a tract of land to Huffman and Hunter, for $21,400, of which $10,400 was paid in cash, and notes were executed for the balance. Hunter furnished his half of this cash payment, and, in addition, loaned Huffman $5,000, with which to pay his half, and, by way of security therefor, Huffman gave Hunter a note and executed a mortgage on his half interest in the land to secure the payment of the note. Subsequently Huffman conveyed his interest in the land to Doctor Bugg by a quitclaim deed, which recited a consideration of "One Dollar and other valuable considerations." Hunter sued Huffman on the note, and recovered judgment for the amount thereof, and interest, aggregating $9,322.41, and Huffman paid this amount to Hunter in satisfaction of the judgment. Huffman filed a claim against the estate of Doctor Bugg, who had died in the meantime, to recover this money, and alleged that the "other valuable considerations" referred to in his deed to Doctor Bugg was an agreement on Bugg's part to assume and pay Huffman's note to the order of Hunter. A verdict was directed by the court at the first trial, upon the ground that there was not enough testimony to warrant the submission of the question, whether Doctor Bugg agreed, as a part of the consideration for the conveyance to him by Huffman, to assume and pay off the note to Hunter. The judgment there rendered upon the verdict so directed was reversed, because, in our opinion, the evidence of a witness named Barber made a case for the jury. This witness testified that Doctor Bugg told him

that he (Bugg) had assumed and agreed to pay this note to Hunter, as a consideration for the execution of the deed to him.

Upon the remand of the cause, Barber gave substantially the same testimony, and was cross-examined at length for the purpose of developing alleged inconsistencies in his statements, which we need not consider here, as the reasonableness of his testimony was a question solely for the jury. It was shown that Huffman paid the judgment against him on February 4, 1911, and filed a claim therefor against the estate of Doctor Bugg on the same day. It was also shown that Doctor Bugg lived in Blytheville, and Huffman near there, and that Doctor Bugg lived for more than a year after the recovery of the judgment by Hunter against Huffman, during which time Huffman appears to have made no demand on Doctor Bugg to assume or pay this debt.

A number of instructions were given, and, among others, an instruction numbered 6, which reads as follows:

"6. You are instructed that although you may find from the evidence that Bugg informed one Barber that he had assumed Huffman's debt to Hunter, such evidence would not here be sufficient to charge the Bugg estate in this action. You must further find from such evidence that there was a consideration for the assumption of such indebtedness—if you find that such indebtedness was assumed—and the burden is on the plaintiff to show a consideration by such preponderance of the evidence."

This instruction was given orally, and appellee did not know that any objection had been made, or exceptions saved, to giving it, until the bill of exceptions came on for approval. At that time, counsel for appellant had incorporated in the bill of exceptions the following specific objections to this instruction:

"The plaintiff objects to the above instruction No. 6 generally on the ground that it is abstract, and is not the law. Plaintiff objects to said instruction No. 6 specific-

ally on the ground that it singles out the evidence of Barber. Plaintiff objects to said instruction No. 6 further on the ground that it is an instruction on the weight to be given to the evidence, and is therefore an invasion of the province of the jury. The plaintiff objects specifically to said instruction further on the ground that the language 'such evidence,' in the second paragraph of said instruction, limits the jury to the consideration of Barber's evidence alone to find a consideration for the promise of Bugg. Plaintiff objects to said instruction No. 6 further on the ground that it excludes from the consideration of the jury all evidence of a consideration for the promise of Bugg except the evidence of Barber. Plaintiff objects further to said instruction 6 on the ground that it emphasizes again the fact that the burden is on the plaintiff to show a consideration for the promise of Bugg, the jury having already been told three times in previous instructions that the burden is on the plaintiff.''

A hearing was had before the court upon a motion to correct the bill of exceptions, at which time attorneys representing the opposing sides testified, and the judge himself made a statement, all of which evidence is incorporated in the bill of exceptions. From the evidence heard upon the matter of the correction of the bill of exceptions, the following facts appear: The instruction was given orally, whereupon, before making the opening argument to the jury, Mr. Coston, of counsel for appellant, approached the judge's stand, and said: ''In keeping with the practice of this court, I presume all objections and exceptions to instructions are saved.'' And the court replied, ''Certainly, such exceptions will be noted, and you may read same into the record.'' The bill of exceptions contains the following finding of fact made by the court:

''The attorneys for the defendant did not know that the attorneys for the plaintiff, or either of them, had saved any exceptions whatever to any part of the charge of the court. The court finds, however, that it has in-

dulged the practice of permitting attorneys to assume that objections and exceptions to instructions are made and saved without calling the attention to them at the time, the practice requiring that the objections and exceptions be subsequently written out and entered in the bill of exceptions. Nothing was said by either attorney for the plaintiff to either of the attorneys for the defendant during the term of court that would put them on notice that any objections had been made or exceptions saved to any part of the charge of the court.''

It further appears that Mr. Coston did not limit his argument to Barber's e⸱⸱ ⸱         ⸱⸱ussing the question of the consideration referred to in the deed to Doctor Bugg, and that, in this connection, he called attention to the other facts herein recited as showing there was a consideration for the assumption of this debt by Doctor Bugg, and his right to do so under the instructions given was not questioned. He now urges the specific objections set out above, and insists that the instruction excluded from the jury any evidence of a consideration for the promise of Doctor Bugg except the evidence of Barber. The court, however, made the following finding of fact:

''The court has no personal recollection whether the word 'such' which appears in the fifth line of instruction No. 6, given by the court to the jury, as the same now appears in the transcript of this cause in the Supreme Court, was used by the court instead of the word 'the' which should have been used. The court finds, however, that if the word 'such' was used at that place in the instruction instead of the word 'the' it was a mere inadvertence that escaped the attention of the court, and the attention of the attorneys for the defendant.''

(1-2) Under this state of the record, we must treat this instruction as if only a general objection had been made to it. It was entirely proper for the court to conform to a practice adopted by it to treat exceptions as saved to oral instructions where objections had been made during the trial. The statute provides that this may be

done. Section 6222, Kirby's Digest. But it is a different matter to say that specific objections can be made after the conclusion of the trial. To so assert is a contradiction in terms. Such practice would defeat the very purpose of requiring specific objections. Such objections could serve no purpose if not made at the trial and opposing counsel have the right to be advised if such objections are made, and it is not contended here that counsel for appellee was so advised.

We conclude, therefore, that the instruction is not open to the objection that it limited the consideration of the jury to the evidence of Barber in determining whether there was a consideration moving to Doctor Bugg to assume the payment of Huffman's debt. We are made more certain of this when we read this instruction in connection with the other instructions given in the case, as we must do in determining the meaning of any particular instruction. Nor do we think the instruction is open to the objection that it is argumentative. It was, of course, proper for the court to tell the jury that Doctor Bugg's mere statement that he had assumed the payment of Huffman's debt was not binding unless there was, in fact, a consideration for this promise.

Nor do we think that error was committed by the repetition of the statement of the law upon the question of the burden of proof. This burden rested upon Huffman's administrator, not only to show a consideration for the promise to pay Huffman's debt, but the burden was upon the plaintiff upon the whole case, and we see nothing in the instruction, as a whole, which lays undue stress upon that fact.

Finding no prejudicial error, the judgment of the court below is affirmed.