CAROLINE HARBECK, Appellant, *v.* JOHN H. HARBECK, Respondent.

(Argued April 28, 1886; decided June 1, 1886.)

THIS was an action for divorce on the ground of adultery.

The only question litigated was as to whether the parties were husband and wife.

The following is the *mem.* of opinion:

"The trial judge and the General Term have found against the plaintiff, and, notwithstanding a difference of opinion among the judges of the court below, we are constrained, after a careful consideration of the evidence, to sustain the judgment which followed the conclusion of the majority. That the union between the parties was, at first, illegal is conceded; if a change occurred, it was followed by no formal celebration, nor is there evidence of any present agreement to take each other for husband and wife, and that they ever passed by contract or by mutual consent from the state of concubinage into that of marriage is made doubtful by the admissions of the plaintiff, proven by the testimony of her sister, by that of the defendant's father, and by other witnesses. If that testimony is true, it is difficult to find that she herself regarded the connection as matrimonial, or that its continuance depended upon any thing more binding than the inclination or will of the de-

fendant. It is true that he assumed the character of husband and she of wife, and reported themselves in that relation to their associates and others, and there was enough in their conduct, *prima facie*, to entitle each to the civil rights which belong to the real character, but the testimony to which I have referred, and circumstances disclosed by others, raised a conflict in evidence which we cannot, as an appellate court, declare to be insufficient to show that the assumption was unfounded. Such was the conclusion of the trial judge. His finding is that no contract of marriage was ever entered into between the plaintiff and defendant, and we cannot say it has no evidence in its support. In the face of that finding this appeal must fail.

" The judgment should, therefore, be affirmed."

*William F. Howe* for appellant.

*William Fullerton* for respondent.

DANFORTH, J., reads *mem.* for affirmance.
All concur.
Judgment affirmed.