## O'NEILL *v*. DAVIS.

### Opinion delivered November 23, 1908.

MARRIAGE—PRESUMPTION—Assuming without deciding that a marriage according to the common law is valid in this State, where a man and woman cohabited illegally before he was divorced from his wife, proof that they continued to cohabit after such divorce raises no presumption of a legal marriage.

Appeal from Garland Circuit Court; *W. H. Evans,* Judge; affirmed.

*Greaves & Martin,* for appellant.

In Missouri, where appellant and O'Neill assumed this relation, common law marriages are valid. 66 Mo. 391; 63 Mo.

501; 103 Mo. 191; *Id.* 266; 81 Mo. 562; 112 S. W. 282. Valid also in this State. 28 Ark. 19; 82 Ark. 77. There is no presumption of law that relations which were illicit in their beginning continued so after the impediment to marriage was removed, but on the contrary all legal presumptions are in favor of marriage. 19 Am. & Eng. Enc. of L. (2 Ed.), 1208-9; *Id.* 1203. The presumption is that appellant and O'Neill remarried after his prior marriage was dissolved. 24 Col. 510; 66 Ill. App. 526; 51 Am. Rep. 742; 144 Ind. 189; 22 Am. Rep. 245; 45 Md. 144; 8 B. Mon. (Ky.), 113; 88 Mich. 279; 4 Am. Dec. 244; 8 Paige (N. Y.), 574; 18 Johns. (N. Y.), 346; 8 Hun (N. Y.) 68; 3 L. R. A. (N. S.), 244, and note.

*M. S. Cobb,* for appellee.

The presumption is that a connection which was meretricious in the beginning continues so; and, while this presumption is not conclusive, it holds until removed by proof, and the burden is upon the party asserting a subsequent valid marriage. 82 Ark. 77; 4 N. Y. 230; 95 N. C. 551; 57 Am. Rep. 448; 114 Mass. 566; 102 N. Y. 714; 49 Miss. 751; 53 Miss. 37; 42 Md. 297; 45 Md. 144. And a mere continuance of cohabitation after the removal of the impediment to marriage is not sufficient to constitute, or to raise a presumption of, a valid marriage. 14 L. R. A. 364. There is no proof that the illicit relation existing between these parties was ever changed after the 27th of August, 1904.

BATTLE, J. Annie O'Neill claims to be the widow of John O'Neill, deceased, and that she was entitled to the homestead of which he died seized and possessed, and to dower in his estate. The court, by consent, sitting as a jury, found the facts in the case as follows:

"I. That in the year 1890 John O'Neill was the head of a family, consisting of himself, his wife, Lillie O'Neal, and two girls, all of whom are still living. On or about said time he became acquainted with a girl by the name of Annie Lewis; that from and after said time defendant and the said Annie Lewis have lived and cohabited together, that he introduced her to his friends and acquaintances and held her out to be his wife; that they maintained an establishment in the city of St. Louis, and

he furnished and supplied the same as a home, paying the bills and expenses incidental, and they were regarded among their friends and acquaintances as husband and wife.

"II.   No ceremony of marriage was performed between the said John O'Neill and Annie Lewis; and if they ever were man and wife, it was by virtue of a contract entered into by them according to the common law.

"III.   During all said time that John O'Neill and Annie Lewis lived together until August 27, 1904, said John O'Neill had a wife living from whom he was not divorced.

"IV.   On August 27, 1904, the superior court of King County in the State of Washington entered a decree on the complaint of Lillie O'Neill, wife of the said John O'Neill, in which the said Lillie O'Neill was granted a divorce from the said John O'Neill.

"V.   That after the 27th of August, 1904, the said John O'Neill and Annie Lewis lived together as man and wife in the city of St. Louis, Missouri, until about November or December of that year.

"During said time they lived in a flat where they received their friends and acquaintances and held themselves out to the public and acquaintances as man and wife. The said John O'Neill introducing the said Annie as his wife, and both of them acting and conducting themselves in a manner usually observable, between man and wife.

"VI.   That in the latter part of the year 1904, John O'Neill visited Hot Springs, Arkansas, purchased the property involved in this action, and took steps to have erected thereon a cottage home; and that while said cottage was being built the said John O'Neill brought the said Annie Lewis to Hot Springs, and they boarded at the home and residence of one George Hagerman until their own home could be completed. Upon his arrival at Hot Springs with the said Annie, he introduced her at the Hagerman House and elsewhere as his wife, and while they stayed there they occupied one room and were known as Mr. and Mrs. O'Neill and in no other way. Afterwards, when this cottage was completed, they took up their residence in said cottage, and there they dwelt together as man and wife until the death of John O'Neill, which occurred on the 17th day of February, 1905.

That while they so resided in said cottage he introduced her as his wife; that no one resided in said cottage except them; that she looked after the household and performed such duties as are usually done by the housewife or mistress of the house. Upon the death of John O'Neill, the said Annie gave directions for the obsequies, selected a lot in the cemetery for the burial, selected a casket and attended the funeral."

The evidence sustains this finding of facts.

And the court declared the law of the case as follows: "Upon the facts found, the court declares as matters of law:

"I. Prior to August 27, 1904, there was an impediment to the marriage of John O'Neill and Annie Lewis, consisting of the fact that the said John had a living wife from whom he was not divorced and could not enter into a valid contract of marriage with the said Annie Lewis.

"II. Subsequent to the rendition of the decree for divorce August 27, 1904, the said John O'Neill and Annie Lewis continued to live together just as they had for years prior thereto, there being no evidence that their relations were changed after this date of divorce. The court holds that their continuing to live together as husband and wife, holding themselves out as such, establishing a home and other facts detailed by the evidence are not sufficient evidence of a contract of marriage entered into between them either before or subsequent to August 27, 1904, except their living together and holding themselves out as man and wife as aforesaid, no contract of marriage existed between said parties.

"III. The claimant, Annie Lewis, is not entitled to dower and homestead in the property in controversy, under the laws of the State."

Assuming, without deciding, that marriages according to the common law are valid in this State, we find that there is no evidence before us that appellant and John O'Neill contracted such marriage, or any other marriage.

In *Darling* v. *Dent*, 82 Ark. 76, 82, this court said: "While it is true that if it be shown that the relations between Darling and Mrs. Williams were illicit in the beginning the burden is upon those asserting a valid marriage agreement to show that such an agreement was afterwards entered into, still there is no pre-

sumption that the relationship continued to be illicit.  It is a matter of proof, and not of presumption, whether the relationship continued to be illicit or whether it was changed to a legal or moral status."  In this case there was no evidence that Annie and John O'Neill entered into any present agreement to take each other for husband and wife after he was divorced from a former wife on the 27th of August, 1904, or that they ever passed from a state of concubinage into that of marriage.  Their continued cohabitation after the divorce does not prove that they changed their intent, which was to live together without being married.  The concomitants of their illicit relations are not sufficient, by their unasserted probative force, to prove that when they were at liberty to marry they embraced the opportunity.  As Chief Justice Beasley said of such evidence, in *Collins* v. *Voorhees,* 14 L. R. A. 364, "to treat evidence which was in all respects and to the utmost degree in accord with the original purpose as proving, *proprio vigore,* a change of such purpose appears to be not only inadmissible according to the legal rules, but as being in logic ridiculous."  *Collins* v. *Voorhees,* 14 L. R. A. (N. J. Eq.), 364, and note; *Harbeck* v. *Harbeck,* 102 N. Y. 714; *Ferrall* v. *Broadway,* 95 N. C. 551; *Jones* v. *Jones,* 45 Md. 144.

Judgment affirmed.