## FARMER v. TOWERS.

### Opinion delivered January 13, 1913.

1. MARRIAGE—EVIDENCE OF GENERAL REPUTE.—In a trial involving the issue of marriage evidence of the general repute of the parties in the community is admissible. (Page 126.)

2. EQUITY—OBJECTION TO JURISDICTION—WAIVER.—Objection to the jurisdiction of a court of equity, in a suit to recover an interest in certain lands, when the only issue is as to the legitimacy of one of the parties, will be treated as waived if no objection thereto was raised in the court below, and no motion was made to transfer the case to law. (Page 125.)

3. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDINGS.—Findings of fact made by a chancellor will not be disturbed on appeal unless they are against the clear preponderance of the testimony. (Page 126.)

Appeal from Craighead Chancery Court, Eastern District; *Charles D. Frierson*, Chancellor; affirmed.

*Basil Baker*, for appellants.

1. The court of chancery was without jurisdiction in this case, but it was properly triable at law. 88 Ark. 610; 91 Ark. 26, and cases cited; 27 Ark. 77; 40 Ark. 155; 44 Ark. 334; 47 Ark. 235; 56 Ark. 371; 71 Ark. 544; 56 Ark. 374.

2. A common law marriage is not recognized as legal in this State. 97 Ark. 272.

*Lamb & Caraway*, for appellees.

1. The court had jurisdiction. Any objection to the jurisdiction appellants might have had was waived by their pleadings, relief asked, failure to object to the jurisdiction, etc. 31 Ark. 411, 422; 32 Ark. 562; 18 Ark. 583; 36 Ark. 298, 303; 98 Ark. 328; 51 Ark. 235, 237; 14 Ark. 345; 17 Ark. 340; 13 Ark. 193; 10 Ark. 307; 79 Ark. 499; 74 Ark. 104; 29 Ark. Law Rep. 517, 533.

2. The evidence sustains the court's finding that George Farmer and Caroline Herring were lawfully married and that Jack Farmer was their legitimate son. The presumption of law that marriage precedes cohabition and that children are legitimate can only be overcome by evidence clear, convincing and unequivocal. 42 U. S. 219; 31 Miss. 367, 418; 88 N. Y. 488; 30 Atl. 752; 88 N. Y. 548; 101 Ind. 129; 4 L. R. A. 434; 65 Ky. 64; 115 Fed. 124.

HART, J. Appellees instituted this action in the chancery court against appellants to recover an undivided one-half interest in a certain tract of land situated in Craighead County, Arkansas, and an accounting for the rents and profits.

Martha Wood departed this life intestate in Craighead County in the year 1905. At the date of her death and for many years prior thereto she was the owner of the tract of land in question. At her death she left surviving her, her brother, H. D. Farmer, who claims to be her sole heir-at-law. George Farmer, who was also a brother of said Martha Wood, departed this life intestate many years ago, prior to the death of the said Martha Wood.

It is the contention of appellees that George Farmer left surviving him as his sole heir-at-law Jack Farmer, their father. Jack Farmer departed this life prior to the date of the death of Martha Wood, leaving surviving him Sallie Towers and Authur Farmer, his children and sole heirs-at-law. On the other hand, it is contended by appellants that Jack Farmer was the illegitimate son of George Farmer. The question of the legitimacy or illegitimacy of Jack Farmer is the only disputed question of fact in the case. The court after hearing the testimony found that George Farmer and Caroline Herring were married about the year 1860 or a little later and that said Jack Farmer was their legitimate child

and sole heir-at-law. Therefore, a decree was entered in favor of appellees, and the case is here on appeal.

It is first contended by counsel for appellants that the action is in effect a suit in ejectment and that the case should have been transferred to the circuit court, and that the court erred in not transferring said cause to the circuit court. In answer to this, it need only be said that the jurisdiction of the chancery court was not questioned below, nor was any motion made to transfer the case to a court of law, and according to the established rule of this court, that question will be deemed to have been waived. *Goodrum* v. *Merchants and Planters Bank*, 102 Ark. 326, *Kampman* v. *Kampman*, 98 Ark. 328; *Apple* v. *Apple*, 105 Ark. 669, and cases cited.

Martha Wood died intestate owning the lands in question. She had no children and her father and mother died before she did. She left surviving her, her brother, H. D. Farmer. George Farmer, who was also a brother of hers, died intestate prior to her death. Appellees are the children and sole heirs-at-law of Jack Farmer who died intestate and who they claim was the son and sole heir-at-law of George Farmer and Caroline Herring, his wife.

On the other hand, appellants claim that George Farmer and Caroline Herring were never married and that Jack Farmer was their illegitimate child. Therefore, upon this disputed question of fact depends the merits of this case. On the 11th day of April, 1910, a deposition of W. J. Newton was taken on behalf of appellees, which is substantially as follows:

I am sixty-three years old; have lived in this county all my life. I knew Caroline Herring when I was a boy, and knew her all her life. She married George Farmer just before or just after the commencement of the war, I can not remember exactly. I think they were married about the Lester place, a few miles north of Lake City. He lived on the bay and his wife on the island. He was at work there for us. After they were married they visited our family and worked for us. I knew them all their lives until he was killed and she died. They were known throughout the community as husband and wife. They lived together and announced themselves as husband and wife. I knew them

after he married her as I came home from the war. I met them in Madrid County, Missouri. They came back here as I did and lived here in this country until he was killed. They lived together as husband and wife from 1860 or 1861 up to about 1867, when George Farmer was killed.

Other evidence was introduced by appellees tending to support his testimony. On the other hand, appellants introduced testimony tending to show that George Farmer and Caroline Herring were never married and that Jack Farmer was their illegitimate child. It is true, as stated by counsel for appellants, that a common-law marriage is not a legal marriage in the State of Arkansas. See *Furth* v. *Furth*, 97 Ark. 272. But that is not the question here. It is the contention of appellees that George Farmer and Caroline Herring were legally married and the chancellor so found. It is well settled in this State that the findings of fact made by a chancellor will not be disturbed on appeal unless they are against the clear preponderance of the testimony. The records of marriages for the time prior to 1878 were destroyed by fire, and the marriage could not be shown by record evidence. Their evidence of general repute in the neighborhood is admissible on the trial of an action involving the issue of marriage or not. The reason is that the fact of marriage is a matter of public interest and general repute in the community is admissible upon such an issue. 26 Cyc. 872 and 888; *State Scoggins*, 32 Ark. 205. In the case of *Drawdy, Administrator, etc.* v. *Hester, Guardian, etc.*, 15 L. R. A. (N. S.) 190, the Supreme Court of Georgia, in discussing the question quoted from Hubback, Ev. of Succession, 244, as follows:

"Reputation of marriage, unlike that of other matters of pedigree, may proceed from persons who are not members of the family. The reason of the distinction is to be found in the public interest which is taken in the question of the existence of a marriage between two parties; the property of visiting or otherwise treating them in society as husband and wife, the liability of the man for the debts of the woman, the power of the latter to act *sui jure*, and their competency to enter into new matrimonial engagements, being matters which interest, not their relations alone, but every one who, by coming in contact with them, may have occasion to regulate

his conduct accordingly as he understands them to be married or not."

No useful purpose can be served by setting out the evidence in full or discussing it in detail. We deem it sufficient to say that we have closely read the testimony of all the witnesses, and have carefully considered it and, after so doing, have reached the conclusion that the finding of the chancellor is not against a clear preponderance of the evidence.

Counsel for appellants say in their original brief that the decree of the chancellor only determined the rights of the parties as to the title of the lands in question and that it did not direct its execution nor determine whether a lien should be declared for the amount which might have been declared in favor of appellants for improvements and taxes in excess of the rents, but on the contrary that these questions were held in reserve to be determined after the report of the master should come in. Therefore, they contend that the appeal was prematurely taken under the principle announced by this court in *Brown* v. *Norvell,* 88 Ark. 590; *Hargus* v. *Hayes,* 83 Ark. 186; *Davie* v. *Davie,* 52 Ark. 224. On the other hand, counsel for appellee urge that the decree was final and the question of taxes and rents is not involved. Counsel for appellants in their reply brief say that, if the rents and taxes are no longer a question at issue between the parties, they do not insist that the appeal was prematurely taken. We have considered the statements of counsel as eliminating these questions from the cause and as precluding them from subsequently being raised between the parties. In other words, according to the statements of counsel in their brief, the question of taxes and rents is not involved in the appeal and is settled so far as being raised again in this suit or in any other suit.

Therefore, the decree is final, and it will be affirmed.