In the Matter of the Petition of Irene Frisby.

*New Castle, May* 19, 1920.

The presumption arising from cohabitation and repute is not effective to show marriage, where during all such cohabitation the woman had a lawful living husband, since the law will not presume that one committed bigamy.

In a proceeding for appointment of commission to lay off by metes and bounds the widow's dower in her husband's land, where it is not known who are the kin and heirs at law of deceased, the widow should pay the costs.

Petition for Assignment of Dower. The petitioner, as widow of William Frisby, filed a petition for the assignment of dower out of the estate of her deceased husband. The facts are stated in the opinion of the Court.

Curtis, P. J., and Rice, J., sitting.

*Levin Irving Handy*, for the petitioner.

*Edwin R. Cochran, Jr.*, and *Levin Irving Handy*, for Perry C. Frisby.

*Lilburne Chandler* and *Charles B. Evans*, for S. Clarence Frisby.

Curtis, P, J., delivering the opinion of the Court:

Irene Frisby, the widow of William Frisby, filed a petition to have her dower assigned by metes and bounds from six parcels of real estate in Wilmington, of which her husband died seized and intestate. It was alleged that one Perry C. Frisby, a cousin of the decedent, was his heir at law; that one S. Clarence Frisby, a minor son of the decedent, was illegitimate, though claiming to be legitimate. The son having appeared by his guardian, and the cousin having also appeared, and all being represented by counsel, the evidence as to the right of the widow to dower and as to the legitimacy of the son was heard on oral testimony by the Court.

There was no child born to the decedent by Irene Frisby, who married the decedent on January 1, 1911. Clarence Frisby was the son of the decedent by Charlotte Smith. She was married about 1888 to John Smith, and later after separation from him lived with William Frisby, by whom she had four children, all

of whom died in infancy except Clarence. When Clarence was less than two years old his mother, Charlotte Smith, left William Frisby. John Smith, her husband was then living, and did not die for several years thereafter. There was no proof of a marriage ceremony between William Frisby and Charlotte Smith, though they cohabitated and had children. There was some testimony of declarations by William Frisby that she was his wife, and the Court was asked to presume a valid marriage from such declarations and other testimony, though there was much testimony, to the contrary, including declarations of the decedent that he was not married to Charlotte Smith. Such declarations are not cogent in this case.

There was in addition to cohabitation some evidence of a reputation in the community as to William Frisby and Charlotte Smith being husband and wife, as tending to establish a presumption of a·valid marriage between them. But the presumption arising from cohabitation and repute is not effective where, as here, during all the cohabitation one of the parties had a lawful husband living and undivorced. The law will not presume that a man will commit bigamy by marrying another woman during the life of one to whom he had previously been lawfully married. *Jones. v. Jones*, 48 *Md.* 391, 30 *Am. Rep.* 466; *Moore v. Moore,* 102 *Tenn.* 148, 52 *S. W.* 778; *Spencer v. Pollock*, 83 *Wis.* 215, 53 *N. W.* 498, 17 *L. R. A.* 848; 26 *Cyc.* 891.

It follows that by the proof S. Clarence Frisby was not the legitimate son of William Frisby, his father, who was never married to the mother of Clarence, and at the time Clarence was born had not living a lawful wife.

In this case, therefore, it being proved that Irene Frisby was lawfully married to William Frisby and survived him as his widow, and that S. Clarence Frisby was an illegitimate son of William Frisby, who, therefore, died without leaving a child or issue of deceased children surviving him, but did leave kin or heirs, his widow is entitled to dower in one-half of his real estate.

An order will be made for the appointment of a commission to lay off the same by metes and bounds, and also that she pay all of the costs of the cause, inasmuch as it is not now known who are the kin or heirs at law of William Frisby.