Thomas *v.* Thomas.

Opinion delivered October 3, 1921.

1. Courts—operation and effect of opinions.—Every decision must be construed with reference to the facts of the particular case.

2.  COURTS—APPEAL FROM PROBATE COURT.—Where the record on appeal from the probate to the circuit court shows that an affidavit for appeal was filed in the probate court while that court was in session, and that the judge marked on the petition "examined and approved," and signed the same as judge, this was a sufficient compliance with the statute in regard to taking appeals, (Crawford & Moses' Dig. § 2258), though the record fails to show that the appeal was granted.

3.  APPEAL AND ERROR—CONCLUSIVENESS OF CIRCUIT COURT'S FINDINGS.—Findings of fact made by a circuit court are as conclusive as the verdict of a jury, and will not be disturbed on appeal unless the evidence is legally insufficient to support them.

4.  MARRIAGE—HOW PROVED.—Marriage may be proved in civil cases by reputation, by the declarations and conduct of the parties, and by other circumstances usually accompanying that relation.

5.  COURTS—JURISDICTION OF PROBATE COURT.—The probate court, in the exercise of its jurisdiction to administer the estates of decedents, is authorized to determine what property belongs to the estate.

Appeal from Ashley Circuit Court; *Turner Butler,* Judge; affirmed.

STATEMENT OF FACTS.

This suit originated in the probate court of Ashley County, Arkansas.

Alsie Thomas filed a petition in that court asking to be appointed administratrix of the estate of James Thomas, deceased, and for dower in his estate. She alleged that James Thomas died in Ashley County, Arkansas, on the 9th of January, 1920, owning a valuable farm of 160 acres and considerable personal property; that she was the lawful widow of James Thomas and resided with him on his farm at the time of his death, and that they owned certain personal property in common.

James Thomas had no children, and his brothers and sisters became parties to the proceeding, and they denied that Alsie Thomas had ever been legally married to James Thomas, and that she had any interest in his estate as widow or otherwise.

The probate court found the issues against Alsie Thomas, and rendered judgment dismissing her petition.

The case was tried *de novo* in the circuit court, where the issues were found in favor of Alsie Thomas. The case was tried before the circuit court sitting as a jury, and the court found that Alsie Thomas had legally married, James Thomas, and was entitled to dower in his estate. Letters of administration were granted to her, and she was given a share in certain personal property in addition to her dower.

Judgment was rendered in accordance with the findings of the court, and to reverse that judgment this appeal has been prosecuted.

*John Baxter, G. P. George* and *Compere & Compere,* for appellants.

No order of appeal was made by the probate court, and this appeal should be dismissed. The order "examined and approved" is no order of appeal, and no presumption can be indulged in its favor. 65 Ark. 419. The filing of an affidavit is not a compliance with statute requiring an order of appeal. 181 S. W. 287; 126 Ark. 211.

The question of jurisdiction can be raised for the first time in the Supreme Court. 170 S. W. 221.

The circuit court on appeal was without jurisdiction to try the title to personal property, which it adjudged to appellee, as the probate court had no such jurisdiction. 116 Ark. 350. There is no presumption that the probate court had jurisdiction. 185 S. W. 796. The pleadings did not put into issue the title to the personal property. The decree was without the issue, 87 Ark. 210, and, the title to the personal property not being involved, any judgment relating thereto is void. 76 Ark. 152; 90 Ark. 196.

The law presumes marriage and not concubinage, but such presumption is rebuttable. 18 R. C. L. 424-425, 433; 26 Cy. 877, 886, 889.

The weight of the evidence shows that there was no legal marriage, and appellee is not entitled to dower. 82 Ark. 76; 88 Ark. 196.

The general and special findings are inconsistent, and the former controls the latter. C. & M. Dig. § 1304. The same is true as to findings of fact by trial judge or jury. 84 Ark. 359.

*U. J. Cone,* for appellee.

The affidavit for appeal required by Sec. 2258 C. & M. Digest, was properly made, and the "approval" thereon of the judge could only mean one thing—that which was asked for—an appeal granted. 29 Cyc. 1514 I; 4 C. J. 1462. The appeal in the instant case meets the requirements in 93 Ark. 263 and is not contrary to 95 Ark. 148; 104 Ark. 113; 138 Ark. 131, and 140 Ark. 331.

The marriage is established by competent evidence. 26 Cyc. 886. There is always a presumption of a valid marriage, and the proof of such in this case is stronger than that in 82 Ark. 76. See also 1 Bishop, Marriage & Divorce, § 77. General repute in the community is admissible on the question. 26 Cyc. 872, 888; 32 Ark. 205; 15 L. R. A. (N. S.) 190; 28 Ark. 19; 131 Ark. 221; 15 Ark. 555 at p. 605. The burden of proving the invalidity, or the fact of no marriage at all, rests upon the attacking party. 121 Ark. 361; 34 Ark. 518; 67 Ark. 281.

Without the aid of Attorney Compere's testimony the testimony of Mrs. Herring was incompetent. His testimony was incompetent and against the "communications rule." 40 Cyc. 2366.

*John Baxter, G. P. George, Jos. F. Wallace, Compere & Compere,* for appellants, in reply.

The cases cited by appellee to sustain his contention that the appeal was properly taken do not do so.

The testimony of Thos. Compere, attorney, was competent. 220 S. W. 677; 9 A. L. R. 1076; 183 Ky. 679; 211 S. W. 441; 5 A. L. R. 972.

HART, J. (after stating the facts). It is first earnestly insisted by counsel for appellants that the circuit court was without jurisdiction to try the case, and for that reason the appeal should be dismissed. No motion

was filed or presented in the circuit court to dismiss the appeal from the probate court for want of jurisdiction, and the question of jurisdiction in the circuit court to try the case is raised here for the first time.

The record of the proceedings in the cause in the probate court is contained in the transcript. It shows that the judgment of the probate court dismissing the petition of Alsie Thomas was entered of record on the 28th day of February, 1920, and that this was a day of the regular January, 1920, term of the Ashley Probate Court. The probate record also shows that C. D. Oslin was the judge of the probate court who rendered the judgment. In addition we copy from the record the following:

## "AFFIDAVIT FOR APPEAL.

"*In re* Estate of James Thomas. Petition for Assignment of Dower.

"Alsie Thomas respectfully prays an appeal from the judgment of the probate court herein to the circuit court of Ashley County, and says that said appeal is taken because she verily believes she is aggrieved, and is not taken for the purpose of vexation or delay.

"Alsie Thomas.

"Subscribed and sworn to before me this 28th day of February, 1920.

"U. J. Cone, Notary Public.

"Filed February 28, 1920.

"George T. Gardner, Clerk.

"Examined and approved this February 28, 1920.

"C. D. Oslin, Judge."

It is claimed by counsel for appellants that the record of the probate court does not show that an appeal to the circuit court was granted, and that the circuit court acquired no jurisdiction of the case. Counsel for appellants invoke the general rule announced in *Matthews* v. *Lane,* 65 Ark. 419; *Walker* v. *Noll*, 92 Ark. 148, and other

decisions of this court to the effect that it is necessary, in order to invest the circuit court with jurisdiction, that it appear from the record that the affidavit and prayer for appeal were presented to the probate court, and that the appeal was granted. In certain cases the statute requires that the county court shall grant the appeal to the circuit court, and under such statutes it has also been held that the granting of the appeal by the county court is a prerequisite to the exercise of the jurisdiction by the circuit court. Hence counsel places particular reliance upon the decision in *Drainage District No. 1* v. *Rolfe,* 110 Ark. 374. In that case it was held that the circuit court was without jurisdiction, and that the judgment on appeal from the county court was void, where the record did not disclose in the matter of a formation of the drainage district that any of the steps were taken perfecting an appeal from the county to the circuit court. The court further held that, inasmuch as the record showed that the circuit court was without jurisdiction of the cause, the defect of jurisdiction was not waived by a failure to move the court to dismiss the appeal.

Every decision must be construed with reference to the facts of the particular case. In that case the record of the Supreme Court contained a transcript of the proceedings in the county court, and did not show anything about a remonstrance against the formation of the district being filed in the county court; nor did it show an appeal from the county court, if any was granted; nor any of the steps necessary in taking an appeal. The statute required the county court to grant the appeal, and, having prescribed the method for taking an appeal, such method must be substantially followed in order to give the circuit court jurisdiction. In that case there was an entire absence, in the record brought to the Supreme Court, of any showing that the county court had granted the appeal, or that the parties interested had taken any of the necessary steps toward taking an appeal. Here the facts are essentially different. The record shows that

an affidavit for appeal substantially in the language of the statute was filed and sworn to on the day that the judgment of the probate court was rendered. Attached to this affidavit is the following: "Examined and approved this February 28, 1920. C. D. Oslin, Judge." The record of the probate court shows that February 28, 1920, was a day of the regular January, 1920, term of the Ashley Probate Court, and that it was the day upon which the judgment in question was rendered and entered of record. The probate record also shows that C. D. Oslin was the judge who rendered the judgment. The notation made by him on the petition is sufficient to show that the prayer for appeal was granted. Alsie Thomas had complied with the statute with regard to taking the appeal, and was entitled to have it granted as a matter of right. The record shows that the petition was filed while the court was in session, and the fact that the presiding judge marked on the petition the words, "Examined and approved," and signed the same as judge, is evidence that he intended to act upon the petition and to grant the appeal.

It is true that the order was not entered of record, but that was not necessary in order to invest the circuit court with jurisdiction. The granting of the appeal by the probate court upon the filing of a proper petition by the losing party was sufficient to confer jurisdiction upon the circuit court. The entering of such an order upon the records of the probate court was merely evidence of the fact that the appeal had been granted. The judicial act of the presiding judge of the probate court in term time in granting the appeal upon proper affidavit filed invested the circuit court with jurisdiction, and the manner of proving that the order was made could be waived, and it was waived by the appellants here not appearing in the circuit court and moving to dismiss the case there for want of jurisdiction. If they had made a motion to dismiss in the circuit court, they might have insisted that the record of the probate court was the best proof of

whether or not an appeal to the circuit court had been granted, or they might have waived the production of the record and have permitted other proof to have been introduced of the fact that an appeal had been duly granted. The essential thing that gives the circuit court jurisdiction is the granting of the appeal by the probate court upon proper affidavit filed, and not the manner of proving the granting of the appeal. In short, under our decisions the parties could not waive the granting of the appeal by the probate court, but they could waive the manner of proving the same. This is shown by other decisions bearing on the question.

In *Stricklin* v. *Galloway,* 99 Ark. 56, there was an insufficiency of the affidavit of appeal from the probate court to the circuit court, and the court held that this was waived by the parties appearing in the circuit court and taking substantive steps in the case.

Again in *Huffman* v. *Sudbury,* 117 Ark. 628, the court held that it is not essential to the exercise of jurisdiction by the circuit court that the affidavit for appeal filed in the probate court should appear in the record, but that the fact that it was so filed might be established by other evidence. So, too, in *Spybuck Drainage Dist. No.* 1 v. *St. Francis County,* 115 Ark. 591, where the statute required the county court to grant the appeal upon an affidavit filed in the manner provided by the statute, the court held that it was not necessary that the record of the county court should show that the affidavit for appeal had been filed, but that this fact might be shown by other proof that the affidavit for appeal was filed with the proper officer, and that when such proof was made the jurisdiction of the circuit court attached.

In the application of this rule to the instant case it may be said that the record contains affirmative testimony from which the circuit court might have legally inferred that the probate court granted an appeal to the circuit court, and appellants will be deemed to have waived the proof of that fact by the entry of the order granting

the appeal on the records of the probate court, because they did not move to dismiss the appeal in the circuit court on the ground that the jurisdictional facts were not shown by the best evidence.

Therefore it can not be said that the appeal was not granted by the probate court, and that on this account the circuit court acquired no jurisdiction in the case.

On the merits of the case, it is earnestly insisted that the findings of fact made by the circuit court are not supported by the evidence. The court found that Alsie Thomas was the widow of James Thomas, deceased, and as such was entitled to dower in his estate. Appellants introduced testimony tending to show that James Thomas and Alsie Thomas had never been legally married, and that they lived together in a state of concubinage. We need not set out this evidence in detail, because the case was tried before the court sitting as a jury, and the circuit court made a general finding of fact in favor of appellee. It has been uniformly and repeatedly held that the findings of fact made by a circuit court are as conclusive as the verdict of a jury, and will not be disturbed on appeal unless the evidence is legally insufficient to support them. *Huffman* v. *Sudbury,* 117 Ark. 628; *Gay Oil Co.* v. *Akins,* 100 Ark. 552; *Fort Smith & Van Buren Bridge Dist.* v. *Scott,* 111 Ark. 449; *Cady* v. *Pack,* 135 Ark. 445, and *Matthews* v. *Clay County,* 125 Ark. 136.

This brings us to a consideration of whether the evidence adduced by appellee was legally sufficient to sustain the judgment. Appellee was a witness for herself. According to her testimony, James Thomas died on January 9, 1920, at his home in Ashley County, Arkansas, and they had lived there as husband and wife for about eight years before he died. James Thomas and Alsie Thomas were married at Fort Smith, Ark., on the 6th or 7th of April, 1910, and lived together as husband and wife until James Thomas died. Appellee lived in the same house with James Thomas about six years before 1910, and cooked for him. She did not stay in the same room with

James Thomas, but slept in another room with Causey Drew and his wife. James Thomas asked her to marry him, but put off their marriage. Finally she told him she was going to leave and go to Fort Smith to live because he had not married her as he had agreed to do. A few weeks after she went to Fort Smith James Thomas wrote her and asked her if she would marry him if he would come to Fort Smith for that purpose. She answered that she would. He then wrote her to meet him at the train at Fort Smith on a certain day. On that day she did meet him, and he had a marriage license that was issued by the clerk of Ashley County, and as they walked along the street from the train they met an old negro preacher named Mooney, who used to live in Ashley County, and James Thomas procured him to marry them. James Thomas turned over the marriage license to the old preacher, and they never saw it afterward. The marriage license was never returned to the clerk by the preacher as provided by the statute.

Two physicians who practiced medicine in Ashley County near where James Thomas lived after he brought Alsie back from Fort Smith testified that James Thomas told them that Alsie was his wife and always spoke to and of her as his wife.

One of the physicians testified that he did their practice for four years, and during all of this time James Thomas conducted himself toward Alsie as his wife and treated her as such.

A salesman in the store where they traded stated that James Thomas always spoke of and treated Alsie as his wife.

Several other witnesses testified that they lived near to James Thomas several years before he died, and that he always spoke of Alsie as his wife and treated her as such.

According to common repute in the neighborhood, they were regarded as husband and wife.

It was shown on the part of appellants that the old colored preacher whom Alsie testified as having performed the marriage ceremony between James Thomas and herself in 1910, had died in Ashley County before that time. For this reason it is insisted that her testimony is not entitled to any probative force. We can not agree with counsel in this contention. This was a matter which affected her credibility as a witness only. It diminished the weight of her testimony, but did not destroy it.

The law in this State is that marriage may be proved in civil cases by reputation, the declarations and conduct of the parties, and other circumstances usually accompanying that relation. Declarations of the parties are evidence tending to establish marriage. *Kelly's Heirs* v. *McGuire,* 15 Ark. 555; *Jones* v. *Jones,* 28 Ark. 19; 2 Greenleaf on Evidence (16 ed.), § 462; 1 Wigmore on Evidence, 268, and vol. 3, §§ 2082-2083.

In the light of these authorities, it may be said that the testimony of appellee to the effect that she and James Thomas were married in Fort Smith in 1910 under a license he had procured in Ashley County is testimony of a fact which, if true, established a ceremonial or legal marriage between them. Her testimony is not overcome because the marriage license was not returned by the preacher as required by the statute. Proof that they procured a license as required by the statute and were married by a minister of the Gospel showed a legal marriage, and the return of the minister of that fact on the marriage license was only evidence that the marriage had been performed by him, but did not of itself constitute the marriage. It may be that appellee was mistaken in the preacher who married them, but this did not overcome her testimony to the effect that they were married by a minister of the Gospel after James Thomas had procured a license therefor as provided by the statute. Her testimony is corroborated by that of several witnesses to the effect that James Thomas ever afterward referred to appellee as his wife and treated and conducted himself to-

ward her as such. The testimony of appellee and the other witnesses was testimony of a substantive character and legally sufficient to support the findings of the circuit court to the effect that appellee was the widow of James Thomas, deceased, and as such entitled to dower in his estate.

It is also insisted that the judgment should be reversed because the circuit court found that certain of the personal property was the individual property of appellee and rendered judgment in her favor for it. It is contended that the circuit court acquired only such jurisdiction on appeal as the probate court had in the original proceeding, and that the probate court had no jurisdiction in a contest between the administrator and others over property rights.

It is true that the jurisdiction of the probate court is confined to the administration of the estate of the decedent. The probate court had jurisdiction to appoint appellee as administratrix of the estate of James Thomas, deceased, and to allot her dower in his estate as his widow. According to the evidence adduced by her, she and her husband lived on a farm in Ashley County, Arkansas, and he had accumulated considerable personal property which was kept on the farm. Certain articles of this property, however, belonged to her, and the court gave it to her. In order to properly administer the estate of James Thomas, deceased, and to allot dower to his widow, it was necessary for the court to determine what property belonged to the estate, and the question of the title to certain articles arose as a necessary incident to the determination of the main matter before the court. In such case the probate court can determine the question of title to the property, for this is necessary in properly administering the estate and allotting the property to those entitled to it as distributees under the statute. *King* v. *Stevens,* 146 Ark. 443.

It follows that the judgment must be affirmed.