MARTIN *v.* MARTIN.

4-8298                                            205 S. W. 2d 189

Opinion delivered November 3, 1947.

*L. A. Hardin,* for appellant.

*Hibbler & Hibbler,* for appellee.

MINOR W. MILLWEE, Justice. John Martin owned and resided on lots 17 and 18, block 8, Evandale Addition to the City of Little Rock, Arkansas, at the time of his death intestate on December 8, 1928. His widow, Carrie Thomas Martin, married L. K. Travis in March, 1929, and they continued to reside on the property until her death in October, 1943. Carrie Martin Travis was survived by her husband, L. K. Travis, and the appellant, Bernice Martin, who is the only child of John Martin and Carrie Martin.

Appellee, Nathaniel Martin, claims to be the son and legal heir of John Martin, deceased, and instituted this suit against the appellant, Bernice Martin, and L. K. Travis for partition of the above-described property. The complaint alleged that John Martin was married to Lena Watkins prior to his marriage to Carrie Thomas and that appellee was the son of John Martin by the first marriage; that after the death of appellee's mother, John Martin married Carrie Thomas Martin, the mother of appellant, Bernice Martin; and that appellee and Bernice Martin each owned an undivided one-half interest in the above-described property as tenants in common.

Appellant, Bernice Martin, filed an answer in which she denied that John Martin was ever married to Lena Watkins and further denied that appellee was the son or legal heir of the said John Martin, deceased. Bernice Robbins and Birdie Cook, who are appellant's aunts, intervened in the partition suit and disclaimed any interest in the property by virtue of a quitclaim deed which Bernice Martin had executed to them in October, 1943.

The trial court found the issues in favor of appellee and a decree was entered adjudging him to be the owner of an undivided one-half interest in the property and a tenant in common with appellant, Bernice Martin. It was further decreed that L. K. Travis had no interest in the property, and the deed to Bernice Robbins and Birdie Cook was cancelled.

Bernice Martin has appealed from this decree and the only issue presented is the correctness of the trial court's finding that appellee, Nathaniel Martin, is the legal heir of John Martin, deceased.

Appellee testified that he was born December 4, 1897, and that John Martin was his father and Lena Watkins Martin was his mother; that he lived with his parents in Little Rock where he attended the public schools until shortly before his mother's death in 1910 when he moved to the home of his grandmother at Scott, Arkansas.

Otelia Stancil testified that she was John Martin's sister and that John Martin and Lena Watkins married about 49 years ago and that appellee was their son. Other witnesses testified that John Martin and Lena Watkins were cohabitating, and holding themselves out, as husband and wife about the time appellee was born. There was other evidence tending to show that Carrie Thomas Martin recognized appellee as her stepson.

In rebuttal of this evidence appellant introduced certified photostatic copies of the marriage and divorce records of Pulaski county showing the marriage of John Martin to Fannie Woods on April 11, 1895, and that this marriage was dissolved by a divorce granted John Martin on October 23, 1902. A photostatic copy of the deposition of John Martin in the 1902 divorce suit recites that he lived with Fannie Martin from the date of his marriage in 1895 until May, 1898. These records also show the marriage of John Martin to Annie Morris on November 3, 1903. The signatures of John Martin to the applications for license and the deposition given in the divorce suit were identified by appellee and other witnesses. These signatures appear to be identical with those appearing on several tax assessment lists which were admittedly signed by John Martin. There was other evidence by neighbors of John Martin showing that he and Annie Morris Martin were living together in 1905 and 1906 and that he subsequently divorced Annie and married Carrie Thomas, the mother of appellant.

In order for appellee to establish his right of inheritance it was necessary for him to prove the marriage of John Martin and Lena Watkins. In *Furth* v. *Furth,* 97 Ark. 272, 133 S. W. 1037, this court held that a common law marriage was not a legal marriage in this state in view of our statutes regulating the method of solemnizing marriages and designating the persons who are authorized to solemnize them. Mr. Justice HART, speaking for the court in that case, said: "It will be seen that, before the common law was adopted here, statutes had been enacted which regulated marriages, and which prescribed the manner and form in which they might be solemnized. Such statutes having directed that marriages should be solemnized in a particular manner before certain authorized persons, that way is exclusive; and we hold our statutes regulating and prescribing the manner and form in which marriages may be solemnized are mandatory and not directory merely. In short, we hold that the doctrine of so-called common law marriages has never obtained or become a part of the laws of this State."

Appellee relies on the cases of *Farmer* v. *Towers,* 106 Ark. 123, 152 S. W. 993, and *Thomas* v. *Thomas,* 150 Ark. 43, 233 S. W. 808. These cases hold that marriage may be proved in civil cases by reputation, the declarations and conduct of the parties, and other circumstances usually accompanying that relation. In the case first cited there was evidence of the time and place of marriage and that the parties lived together for seven years claiming to be married. The marriage records of the county had been destroyed by fire and it was impossible to show the marriage by record evidence. In the Thomas case there was evidence of the issuance of a license and the performance of a ceremony together with cohabitation of the parties for several years. In neither of these cases was there evidence to rebut the presumption which arose from the cohabitation and reputation of the parties.

The general rule applicable to the proof of marriage by cohabitation and reputation is stated in 35 Am. Jur., Marriage, § 200, as follows: "Cohabitation and repute do not constitute a marriage, but are only evidence tend-

ing to raise a presumption of marriage, of more or less strength, according to the circumstances of the case, and such strength increases with the passage of time in which the parties cohabit as husband and wife. This presumption of marriage from a cohabitation apparently matrimonial, is one of the strongest presumptions known to the law, especially where the legitimacy of a child is involved. Such presumption is not conclusive, however, and it is rebuttable by sufficient evidence to overcome it." See, also, 38 C. J., p. 1339.

The testimony offered by appellee in the case at bar tends to show that John Martin and Lena Watkins held themselves out as man and wife and were cohabiting as such about the time of appellee's birth in 1897. While one witness testified that the parties were married, there is no evidence of a marriage ceremony or the issuance of a marriage license. Can the presumption of marriage arising from this proof be allowed to stand in opposition to the positive record showing that John Martin married Fannie Woods in 1895 and was not divorced from her until October, 1902?

The early case of *Jones* v. *Jones*, 28 Ark. 19, involved a state of facts somewhat similar to those in the case at bar. In that case Delilah Jones claimed to be the widow of Elbert Jones and the court said: "The cohabitation and acts of Elbert Jones and Delilah Jones, although extending through many years, did not amount to marriage, but are facts from which a marriage might be inferred. They were circumstances on which to ground a presumption of marriage, and on the other hand, might be met with other circumstances which would entirely overturn that presumption.

"Delilah Jones says she was married to Jones in 1831, but does not state how or by whom she was married, but only shows acts of cohabitation and holding out to the world that they are man and wife. On the contrary, J. M. Jones, a brother of Elbert, says he was well acquainted with these parties, and in 1831, and several years afterwards, Elbert had a lawful wife living, by the

name of Matilda Jones, from whom he was never divorced. No effort on the part of the complainant was made to overturn or weaken this evidence. It is positive, direct, conclusive.'' See, also, *O'Neill* v. *Davis*, 88 Ark. 196, 113 S. W. 1027.

Other jurisdictions support the rule followed by this court in the Jones case, *supra*. The case of *Petition of Frisby*, 12 Del. Ch. 431, 110 Atl. 673, involved a petition for the assignment of dower, and the Delaware court said:

"There was in addition to cohabitation some evidence of a reputation in the community as to William Frisby and Charlotte Smith being husband and wife, as tending to establish a presumption of a valid marriage between them. But the presumption arising from cohabitation and repute is not effective where, as here, during all the cohabitation one of the parties had a lawful husband living and undivorced. The law will not presume that a man will commit bigamy by marrying another woman during the life of one to whom he had previously been lawfully married. *Jones* v. *Jones*, 48 Md. 391, 30 Am. Rep. 466; *Moore* v. *Moore*, 102 Tenn. 148, 52 S. W. 778; *Spencer* v. *Pollock*, 83 Wis. 215, 53 N. W. 490, 17 L. R. A. 848; 26 Cyc. 891.''

John Martin was under a legal disability which prevented his marriage to Lena Watkins during the period of their cohabitation, and the presumption of marriage arising from such cohabitation and reputation has been overcome by positive record proof showing that he was still married to Fannie Woods Martin at that time. It follows that so much of the decree as adjudges appellee to be the legal heir of John Martin, deceased, and entitled to an undivided one-half interest in the property involved herein is reversed, and the cause will be remanded with directions to the trial court to amend the decree accordingly.