BUTLER v. ALLDREDGE, ADMINISTRATOR.

4-9542                                     242 S. W. 2d 136

Opinion delivered June 25, 1951.

Rehearing denied October 8, 1951.

*Cracraft & Cracraft,* for appellant.

*A. M. Coates,* for appellee.

ED. F. McFADDIN, Justice. This is a proceeding instituted by the Administrator, Alldredge, to determine the heirship[1] of Minerva Riley Hampton, a Negro woman who died without descendants. There are two claimants: appellant, Willie Butler, who claims as a nephew, and appellee, Ed Riley, who claims as a half brother. The Probate Court held that the claimants should share the estate equally; and Willie Butler has appealed, insisting that he is entitled to the entire estate.

The decision necessarily turns on the marital status of Columbus Riley, the admitted legal father of Minerva and the claimed legal father of Ed Riley. The evidence shows that Columbus Riley's first wife was Lizzie Newsom, and that Minerva Riley (Hampton) and Lucy Riley (Butler) were children of that marriage. Minerva is the deceased whose estate is here involved; and Lucy is the mother of the appellant, Willie Butler, whose right to inherit some part of Minerva's estate is established, since he is an admitted legal nephew. But Ed Riley contends, and his witnesses testified, that Columbus Riley divorced Lizzie Newsom and married Polly Goode in 1881, and by her had two children: Ed Riley,[2] the claimant, and another child, Willie, who died without issue.

Appellant insists that the record here fails to show either a decree whereby Columbus Riley divorced Lizzie Newsom, or a marriage certificate whereby Columbus Riley married Polly Goode, the mother of Ed Riley. Because of the omission of the divorce decree and the mar-

---

[1] Section 173 of Act 140 of 1949 (now § 62-2914, Ark. Stats.) allows such a proceeding.

[2] By § 61-112, Ark. Stats., relations of the half blood inherit equally with those of the whole blood.

riage license from the evidence, appellant argues[3] that Ed Riley has failed to prove that he is a legal half brother of Minerva. This argument is evidently based on the assumption that the fact of marriage can only be proved by exhibition of a marriage certificate. Such is not the law. In *Thomas* v. *Thomas*, 150 Ark. 43, 233 S. W. 808, we said:

"The law in this State is that marriage may be proved in civil cases by reputation, the declarations and conduct of the parties, and other circumstances usually accompanying that relation. Declarations of the parties are evidence tending to establish marriage. *Kelly's Heirs* v. *McGuire*, 15 Ark. 555; *Jones* v. *Jones*, 28 Ark. 19; 2 Greenleaf on Evidence (16 Ed.), § 462; 1 Wigmore on Evidence, 268, and vol. 3, §§ 2082-2083."

To the same effect see *Daniels* v. *Johnson*, 216 Ark. 374, 226 S. W. 2d 571, 15 A. L. R. 2d 1401.

"It is also well established in Arkansas that community reputation is admissible as evidence of marital status. *Farmer* v. *Towers*, 106 Ark. 123, 152 S. W. 993; *Thomas* v. *Thomas*, 150 Ark. 43, 233 S. W. 808; *Martin* v. *Martin*, 212 Ark. 204, 205 S. W. 2d 189."

Ben Goode, brother of Polly Goode, testified positively that Columbus Riley was divorced from his first wife when he married Polly Goode in 1881. After saying that he personally knew all four of the children of Columbus Riley, Ben Goode further testified:

"I know that Columbus Riley had four children, two by his first wife and two by his second. The two by his first wife were named Minerva and Lucy and the two by

---

[3] Appellant says in his brief:

"The only issue for determination seems to be the legality of the second marriage of Columbus to Polly, the mother of Ed Riley.

"To establish the validity of that marriage, Ed Riley must show a divorce from the first marriage, followed by a marriage to the second wife, Polly. We are aware that when a second marriage is shown to have been properly solemnized, it is assumed to be valid, until it is affirmatively shown that there has been no prior divorce.

"But in the instant case the marriage of Polly is not shown to have been solemnized, except by indefinite, hearsay evidence. The best evidence of the marriage would have been the marriage certificate, or a certified copy of the record."

his second were named Ed and Willie. After Columbus Riley married my sister and at the time they lived in Brinkley, Minerva and Lucy lived with them.''

Furthermore, there was introduced a photostatic copy of the birth certificate of Ed Riley, duly certified by the State Registrar of Vital Statistics, as provided by § 82-505, Ark. Stats. This birth certificate, filed as a delayed certificate in 1943 under the provisions of the said Statute, was filed long before this controversy arose as to heirship; and the certificate listed Ed Riley's birth as September 11, 1885, in Brinkley, Arkansas, and his father as Columbus Riley, and his mother as Polly Goode. A careful study of the evidence convinces us—just as it evidently did the trial court—that Ed Riley and his witnesses testified candidly and frankly, whereas Willie Butler's testimony is replete with matters at first apparently denied, and then grudgingly admitted.[4]

Without detailing all the evidence, we conclude that it abundantly establishes that Columbus Riley and Polly Goode were legally married in 1881 and lived together until Polly's death in 1897; and that Ed Riley was a child of that marriage. With the legal marriage established, it is presumed valid. The appellant has offered no evidence to rebut such presumption. See *Cash* v. *Cash*, 67 Ark. 278, 54 S. W. 744; *Estes* v. *Merrill*, 121 Ark. 361, 181 S. W. 136; *Lathan* v. *Lathan*, 175 Ark. 1037, 1 S. W. 2d 67; *Martin* v. *Martin*, 212 Ark. 204, 205 S. W. 2d 189; *Lockett* v. *Adams*, 212 Ark. 899, 208 S. W. 2d 428; and

[4] For instance, Willie Butler denied ever writing to Ed Riley or notifying him of the death of Minerva; and then when letters were introduced bearing Willie Butler's name, he admitted he had caused them to be written, saying:

"Since he visited us in '26, he claimed to be a half brother. He has been considered in the family on his own saying only, but as from that standpoint, I wish I could have seen my grandfather to ask him when he had the opportunity to tell me."

Again, letters were introduced purporting to be written by Willie Butler and addressed to "Dear Uncle Ed." After first denying ever writing the letters, Willie Butler finally gave answer to a question as follows:

"Q. You do admit you knew where Ed Riley lived and when 'Aunt Minerva' passed away, you notified him by telephone and he came over, and after he went back to Chicago, this letter was sent to him and the matters and things set out in this letter are true?

"A. Yes."

*Daniels* v. *Johnson,* 216 Ark. 374, 226 S. W. 2d 571, 15 A. L. R. 2d 1401. See, also, Annotations in 34 A. L. R. 464, and 77 A. L. R. 729.

The judgment of the Probate Court is affirmed.