Joseph A. Cox, S.
In this proceeding for the appointment of an administrator cross petitions for letters of administration have been filed by three persons each of whom claims to be the widow of the decedent. Issues thus are raised as to whether or not the decedent was survived by a spouse and, if so, the identity of such person. Accordingly, the court directed that a trial be had as to the status of Marie Larkin Karageorges, the cross-petitioner who alleged the marriage of earliest date. The time of such trial was adjourned on several occasions at the request of the attorney appearing for the cross-petitioner Marie Larkin Karageorges and finally the matter came on for hearing on May 13,1958 at which time the cross-petitioner insisted upon proceeding without the benefit of counsel despite the recommendation of the court that she procure legal advice and the offer to her of an opportunity to obtain such advice.
This cross-petitioner relies upon an alleged common-law marriage in July, 1926. The proof in support of the alleged marriage was that the decedent and the cross-petitioner were seen entering and leaving a common apartment, that they were seen together on the street and that the decedent had on some occasions referred to the cross-petitioner as his wife. None of the witnesses who testified as to the occupancy of the apartment had ever been within the apartment. None of them had maintained any social relationship with the decedent and their contacts with him were wholly casual. The purported oral representations by the decedent were of little probative value and were disputed by the written proof, inasmuch as the written commitments of both the decedent and the cross-petitioner are completely contradictory of a marital relationship. The decedent always voted as an unmarried man and there is evidence that he did not claim the tax advantage incidental to a *25 marital status. There is no proof that the cross-petitioner in any formal document either represented herself as married to the decedent or identified herself as Mrs. Karageorges and, quite to the contrary, the proof is that the cross-petitioner consistently identified herself as Marie Larkin or Mrs. Larkin and long subsequent to the date of the alleged common-law marriage represented herself to be a widow. Although the evidence purporting to establish cohabitation and reputation is not convincing, it well may be that the decedent was impelled by the proprieties to feign a marital status at various times. (Matter of Smith, 74 Misc. 11.) Whether or not this be so, the writings of both the decedent and the cross-petitioner and the latter’s conduct over a period of many years prior to the decedent’s death are inconsistent with a state of marriage.
Reputed relationship may be of aid in determining whether or not the essential elements of a common-law marriage ever existed but reputation does not provide proof of the marriage contract (Harbeck v. Harbech, 102 N. Y. 714) for it is fundamental that an actual bona fide agreement between the parties is an essential element of a common-law marriage. (Fisher v. Fisher, 250 N. Y. 313; Matter of Pratt, 233 App. Div. 200; Graham v. Graham, 211 App. Div. 580.) Clear, consistent and convincing proof of such a marriage is vital when one party to the alleged contract of marriage is dead. (Boyd v. Boyd, 252 N. Y. 422.) The cross-petitioner has not provided either proof of a marital agreement or evidence from which the existence of such an agreement can be inferred. The court is satisfied upon the entire body of proof that neither the decedent nor the cross-petitioner ever regarded any relationship that existed between them as a marital union.
The cross-petition of Marie Larkin Karageorges for letters of administration is dismissed. Submit decree on notice.