Joseph A. Cox, S.
The cross petition for letters of admin-
istration of one of the three alleged widows of the decedent was heretofore dismissed (Matter of Karageorges, 12 Misc 2d 23). A trial now has been had as to the status of cross petitioner Angie Karageorges. The latter cross petitioner married Theodore Saponas in 1924 and was widowed by his death in May, 1931. There were two children of that marriage. It is claimed by the cross petitioner that toward the end of October, 1931 she and the decedent contracted a common-law marriage in her apartment at 225 East 40th Street, New York City. The brother of the cross petitioner testified that at that time and place the decedent proposed marriage to the cross petitioner and she accepted him. A witness testified that the marriage of the decedent and the cross petitioner was announced at a party given by them at 225 East 40th Street in September, 1931. Another witness related that on October 26, 1931, at 225 East 40th Street, the decedent introduced the cross petitioner to a number of assembled guests as his future wife. Other witnesses *660 stated that on certain occasions the decedent had referred to the cross petitioner as his wife and the two children of the cross petitioner testified in support of this contention.
The entire body of proof does not establish that a common-law marriage was entered into or even that the decedent and the cross petitioner had a common reputation as husband and wife. • One month after the purported marriage the cross petitioner opened a savings bank account in the name of Angelika Saponas and at such time disclaimed any relationship with the decedent. In October, 1932 she registered as a first voter residing at 241 East 40th Street and gave her marital status as widow, although her present claim is that in October, 1931, and for years subsequent thereto, she resided with the decedent, as his wife, at 225 East 40th Street. During the entire period of the alleged relationship with the decedent the cross petitioner continued to register for voting purposes as a widow and in this period she had occasion to sign her name to numerous papers and documents, such as rent receipts, applications for charge accounts, an application for insurance, applications for loans and a history given upon her admission to a hospital and in each instance she signed the name Saponas. A most revealing example of this is found in a lease, entered into in 1947 for an apartment at 206 East 40th Street, between the cross petitioner, as tenant, and her alleged spouse, as landlord. The tendered explanations of her constant use of the name Saponas and her representation of herself as the widow of Theodore Saponas are wholly unconvincing. Other examples of the cross petitioner’s continued use of her deceased husband’s name appeared in the records of utility companies and a department store. Isolated instances of charges to her as Mrs. Karageorges by neighborhood tradesmen were unsupported by credible testimony. The testimony of another neighborhood merchant was offered for the purpose of establishing a single instance when the decedent, a long-time customer of the witness, is said to have referred to the cross petitioner as his wife.
The entire course of conduct of the cross petitioner, particularly her retention of the name Saponas in all financial matters, is contradictory of the purported marriage with the decedent. The failure of the decedent, an astute business man, to claim a marital status for tax purposes is significant. The evidence in support of the alleged marriage is fragmentary and unpersuasive and does not convince the court of either a particular marriage contract or that the acts and declarations of the decedent and the cross petitioner were compatible with a state of marriage.
*661 The evidentiary requirements for proof of a common-law marriage have been reviewed in many reported decisions and do not require repetition here. The cross petitioner’s proof falls far short of meeting the convincing evidence that is essential to her success (Boyd v. Boyd, 252 N. Y. 422). Suffice it to say that a bona fide agreement of marriage has not been established (Matter of Pratt, 233 App. Div. 200), that the relationship between the parties has not been shown to be a marital one (Graham v. Graham, 211 App. Div. 580) and that such contention has been refuted by proof of their own attitude toward whatever association existed between them (Matter of Selig v. Schallek, 289 N. Y. 806, affg. 262 App. Div. 840).
The cross petition is dismissed. Submit decree on notice.