JOHNSON *v.* SANFORD

5-3531 389 S. W. 2d 421

Opinion Delivered April 26, 1965.

*David Solomon,* for appellant.

*A. M. Coates,* for appellee.

JIM JOHNSON, Associate Justice. This suit involves a contested petition for determination of heirship of an intestate's estate.

Appellant Josie Johnson filed a petition for appointment as administratrix of the estate of Will Erwin, deceased, in Phillips Probate Court on April 25, 1963, alleging that she was the daughter and sole heir of the decendent. The petition was granted on April 27, 1963, and appellant thereafter filed an inventory of the estate reflecting total assets of $6,300 in real estate and $370 in personalty. On September 28, 1963, appellee and cross-

appellant Zennie Sanford filed a petition for determination of heirship, alleging that she was decendent's only surviving child and prayed that the court, after hearing, direct the administratrix to distribute the estate to appellee. Hearing on the petition was ordered for November 25, 1963, with publication of notice of the hearing ordered and done. At appellee's behest, the court on February 18, 1964, reopened the cause and permitted the parties to introduce further testimony. In its order of September 4, 1964, the court found that appellee is not a child of or related by blood to the decendent, that appellant, although a child of decendent, is not proved to be born of a lawful marriage, that therefore neither party is entitled to inherit from the decendent, and that additional testimony should be presented to determine the decendent's heirs and next of kin. From this order both parties have appealed.

For reversal appellant contends that the court, having found appellant was decendent's child, erred in not finding appellant to be his lawful child and entitled to inherit from decendent. Appellee, on the other hand, urges that the court erred in finding that appellee was not a child of decendent.

This is not an "either-or" proposition. The parties' claims are not mutually exclusive. If both parties can prove their claims, both can prevail and both will share the estate, or either of them or neither, as the trial court found. Therefore we will consider the claims separately.

I. Claim of appellant Josie Johnson. Appellant and a large number of other witnesses testified that decedent had referred to her as his daughter on various occasions. Appellant testified that she was born in 1903, that her mother was Fannie Williams and her father Will Erwin, the decedent. Appellant also testified that she had never lived with Will or, for that matter, with her mother. She was raised by her aunts because "her mother was never around". Appellant went by the name Erwin until she married but testified that she had no knowledge concerning marriage of her parents. It was undisputed that her mother, Fannie Williams, never went by the name Erwin

and no witness testified that Will Erwin had made any statement that the mother of appellant was his wife or that he had ever cohabited with her as such. There were no marriage or divorce records relative to Fannie Williams introduced.

"It is fundamental that one who claims to be the heir of a decedent must, as a prerequisite to the right to participate in the estate, establish the relationship relied upon. *Holt* v. *Brackville,* 158 Ark. 642, 250 S. W. 33. A presumption of marriage, however, may stem from cohabitation, accompanied by declarations of the parties and behavior consistent with the status alleged. *Martin* v. *Martin,* 212 Ark. 204, 205 S. W. 2d 189." *Lockett* v. *Adams,* 212 Ark. 899, 208 S. W. 2d 428.

In the case at bar there is a complete absence of evidence showing a "cohabitation apparently matrimonial" between Will Erwin and appellant's mother, Fannie Williams. The state of the record being this, the probate court found that appellant is not proved to be born of a lawful marriage between decedent and her mother. We cannot say on trial de novo that such finding is against the weight of the evidence.

II. Claim of appellee Zennie Sanford. Appellee was born in 1894, the daughter of Mattie Mackey. Lucy, her sister, was born a year or two later. Will Erwin married Mattie Mackey in 1905 and Zennie lived with them until she married in 1906. (On her marriage certificate, appellee's maiden name is shown as Zennie Mackey, not Erwin.) After her marriage, appellee and her husband lived close by decedent and her mother, and after her mother's death appellee lived with and kept house for and took care of decedent. It was shown that decedent gave appellee and her daughter some farm land and gave Lucy a house and three acres, retaining forty acres which is the principal asset of his estate. Appellee testified that decedent told her he was her father, however, the testimony of appellee's sister Lucy and two male cousins was that appellee was not Will's daughter and was born before "Will and Mattie got together".

Appellee claims heirship as the daughter of Will Erwin born before his marriage to her mother, legitimated by their marriage under Ark. Stat. Ann. § 61-103 (1947), which provides in part:

"If a man have by a woman a child or children, and afterward shall intermarry with her, and shall recognize such children to be his, they shall be deemed and considered as legitimate."

Zennie was some eleven or twelve years old when her mother married Will Erwin and had a younger sister, Lucy, who was admittedly not the child of Will Erwin. There is an absence of convincing proof that Will ever cohabited with Zennie's mother prior to their marriage and that Will ever recognized Zennie as anything other than a devoted stepdaughter after his marriage to Mattie. It follows therefore that the evidence fell far short of meeting the requirements of Ark. Stat. Ann. § 61-103, *supra.*

Affirmed on appeal and cross-appeal.